## TAFT ET UX. v. HELVERING, COMMISSIONER OF INTERNAL REVENUE.

No. 183. Argued November 18, 1940.—Decided December 9, 1940.

Mr. *Clarence Castimore,* with whom *Mr. Henry W. Taft* was on the brief, for petitioners

Mr. *Thomas E. Harris,* with whom *Attorney General Jackson, Assistant Attorney General Clark,* and *Messrs. Sewall Key* and *Maurice J. Mahoney* were on the brief, for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Petitioners, husband and wife, filed joint income-tax returns for the years 1934 and 1935. In computing their aggregate net income under § 51 (b) of the Revenue Act of 1934,[1] they made deductions of their combined charitable contributions.[2] The Commissioner ruled that the deductions on account of the wife's charitable contributions should be reduced to 15 per cent of her separate net income and deficiences were determined accordingly. The Board of Tax Appeals sustained the Commissioner (40 B. T. A. 229) and the Circuit Court of Appeals affirmed. 111 F. 2d 145.

Because the question is cognate to that presented in the cases of *Helvering* v. *Janney, ante,* p. 189, and *Gaines* v. *Helvering, ante,* p. 189, we granted certiorari. October 14, 1940.

The provision for joint returns in § 51 (b) of the Revenue Act of 1934 was in substantially the same form as the

---

[1] 48 Stat. 697.

[2] § 23 (o), 48 Stat. 690.

corresponding provision in the prior revenue acts from 1921. The import of that provision is that in making a joint return the husband and wife should report their aggregate gross income and could combine their deductions in reporting their aggregate net income upon which the tax was to be computed. That was the construction placed upon the original provision for joint returns, in the Revenue Act of 1918, by the Solicitor of Internal Revenue. He said in his ruling: "If a single joint return is filed it is treated as the return of a taxable unit and the net income disclosed by the return is subject to both normal and surtax as though the return were that of a single individual. In cases, therefore, in which the husband or wife has allowable deductions in excess of his or her gross income, such excess may, if joint return is filed, be deducted from the net income of the other for the purpose of computing both the normal and surtax." [3] We think that this was the intention of Congress in enacting the Act of 1921 [4] and the later acts containing the same provision for joint returns. We think that it was also the fair import of the Treasury Regulations under the Act of 1921 and of subsequent regulations prior to 1934. [5]

Respondent places emphasis on the phrasing of Article 401 of Regulations 62 under the Act of 1921, that "in a single joint return, the tax is computed on the aggregate income and all deductions and credits to which either is entitled shall be taken from such aggregate income." The argument stresses the words "to which either is entitled" and it is urged that each spouse is entitled only

[3] Sol. Op. 90, Cum. Bull. No. 4, p. 236 (1921). See *Helvering* v. *Janney, ante,* p. 189.

[4] House Rep. No. 350, 67th Cong.; 1st Sess.; Sen. Rep. No. 275, 67th Cong., 1st Sess.

[5] Treasury Regulations Nos. 65 and 69, Art. 401; Regulations Nos. 74 and 77, Art. 381.

198

to deduct 15 per cent of his or her separate net income. But we think that this is an inadmissible construction of the statute and is not a necessary construction of the regulation. Such a construction is inconsistent with the premise of the Solicitor's opinion, above mentioned, that a joint return "is treated as the return of a taxable unit" and the tax is to be laid as though the return were that "of a single individual." The more specific language of the provision in the Act of 1921, which for the present purpose is the same as that in the Act of 1934, affords a stronger basis for this conclusion. It provides specifically for the inclusion of the income of each spouse "in a single joint return" and in that case that "the tax shall be computed on the aggregate income." The principle that the joint return is to be treated as the return of a "taxable unit" and as though it were made by a "single individual" would be violated if in making a joint return each spouse were compelled to calculate his or her charitable contributions as if he or she were making a separate return. The principle of a joint return permitted aggregation of income and deductions and thus overrode the limitations incident to separate returns. We find no indication in Article 401 of Regulations 62 under the Act of 1921 of any intention to depart from the Solicitor's view as to the purport of the statute.

In 1935, by Article 23 (o)–1 of Treasury Regulations 86, the Department sought to require a husband and wife, whether they make "a joint return or separate returns," to base their deduction for charitable contributions on the separate net income of the spouse making them. We are of the opinion that under the Revenue Act of 1934, taken with the meaning we think it had when enacted, petitioners were entitled to the combined deductions they claimed, and that the departmental regu-

lation to the contrary was ineffective to deprive them of that right.

The judgment of the Circuit Court of Appeals is

*Reversed.*

MR. JUSTICE ROBERTS took no part in the consideration and decision of this case.