Asa E. CALVIN and Lois Calvin, Appellants,

v.

UNITED STATES of America, Appellee.

No. 8141.

United States Court of Appeals Tenth Circuit.

Nov. 30, 1965.

---

1. T.C.A. § 40–519, codified from a statute enacted in 1965, now provides such a procedure.

Kenneth L. Smith, Denver, Colo., for appellants.

J. Edward Shillinburg, Atty., Dept. of Justice, John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Anthony Zell Roisman, Attys., Dept. of Justice, and Lawrence M. Henry, U. S. Atty., on the brief, for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

HILL, Circuit Judge.

This is an action to recover personal income taxes paid for the year 1959. The facts are undisputed. Appellants, Asa E. and Lois Calvin were married in December of 1959. Originally for the taxable year 1959, they each filed a separate return. The husband, Asa E. Calvin, in his separate return for 1959 reported adjusted gross income of $8,044.19 and income tax liability of $1,547.19 and withholding tax of $1,933.99, claiming an overpayment of $386.80 which was refunded to him. Lois Calvin in her return for 1959 claimed a loss of $13,854.70 and as a result had no taxable income. Prior to her marriage, Lois (Wood) Calvin sustained certain operating losses from a business operated by her.[1] In her separate return for 1958, she utilized $9,425.43 of the previous losses as an operating loss carryover under the provisions of § 172 of the Internal Revenue Code of 1954, 26 U.S.C. This left her a total of $19,119.36 of operating losses to be carried over to the taxable year 1959 and subsequent years.

On July 10, 1962, the appellants pursuant to § 6013 of 26 U.S.C. and the regulations thereunder, Treas.Reg. 1.6013–2, elected to substitute a joint return for their separate returns in their taxable year 1959. The government in this action does not in any way question their

[1]. It is undisputed that her losses were as follows:

| | |
|---|---|
| 1954 | $ 4,720.33 |
| 1955 | 5,664.19 |
| 1956 | 12,556.02 |
| 1957 | 5,604.25 |
| Total | $28,544.79 |

right to do so. In their joint return, the previous net operating losses incurred by Lois (Wood) Calvin before the marriage were used to offset the joint income of both Lois and Asa E. Calvin. Since Asa E. Calvin had paid $1,547.19 in taxes (withheld $1,933.99 less the $386.80 refund noted previously) and Lois Calvin had paid no income tax for 1959 except for her self-employment tax of $180.00, making a total then of $1,727.19 paid by both spouses individually, they claimed a refund of $1,547.19 on their joint return.

The Commissioner determined that the amount of the net operating loss carryover in favor of Lois Calvin, formerly Lois Wood, sustained by her in prior years as a single woman, was limited in the joint return to the amount of Lois Calvin's income for 1959 and not applicable to offset any income of Asa E. Calvin. Therefore, the operating loss carryover in the joint return was limited to $9,891.-48 which was the adjusted gross income of Lois Calvin for the calendar year 1959 and a refund of $107.14 was allowed, which is $1,440.05 less than the refund claimed.

Appellants' contention is this: That by virtue of their filing a joint return for 1959, they are entitled to be treated as one taxable unit and that the operating losses incurred by Lois Calvin while she was single may now be carried over and applied against the joint income of the taxable unit even if some of the unit's income was that of Asa E. Calvin.

■ The trial court likened this situation to the area of corporate taxation, and broadly speaking, to its restrictions on utilization of losses in corporate acquisitions and mergers, etc., as set forth in such cases as New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348, and Libson Shops, Inc. v. Koehler, 353 U.S. 382, 77 S.Ct. 990, 1

L.Ed.2d 924, and held that the operating losses were only available to offset the wife's portion of the income in the joint return. Although we agree with the trial court in the result, we do so on additional grounds.

■■ At the outset we are confronted with the recognized principle that deductions and the methods of their utilization are matters of legislative grace and must be specifically provided for by Congress.[2] As pointed out by appellee, Congress enacted the provisions of law allowing carryover of losses from one tax year to offset gains in subsequent years to overcome the sometimes harsh effect of taxing income strictly on an annual basis. To us, the Congressional history of carryover and carryback tax deductions reflects the intent of Congress to jealously guard this exception to taxing on a pure annual basis. The authorities seem to generally agree that in the absence of express statutory language, only the taxpayer who sustained the loss is entitled to take the deduction.[3] To extend the net operating loss to a taxpayer who did not participate in the risk when the loss occurred is to ignore completely the Congressional purpose of allowing such a deduction. The record before us shows that the taxpayer claiming the benefit of the loss carryover deduction has suffered no losses in his own business but if successful in this litigation would be benefiting solely by reason of the business loss of another taxpayer.

Section 172 of the 1954 Internal Revenue Code provides the statutory authority for net operating loss deductions but does not purport to specifically answer the problem presented here. The regulations however at § 1.172–7 do provide additional rules for net operating loss deductions of a husband and wife where a joint return is involved. The only por-

2. United States v. Olympic Radio and Television, Inc., 349 U.S. 232, 75 S.Ct. 733, 99 L.Ed. 1024; Standard Paving Co. v. C.I.R., 10 Cir., 190 F.2d 330, cert. denied 342 U.S. 860, 72 S.Ct. 87, 96 L.Ed. 647; Weber Flour Mills Co. v. C.I.R., 10 Cir., 82 F.2d 764.

3. See e.g. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788; Woolford Realty Co. v. Rose, 286 U.S. 319, 52 S.Ct. 568, 76 L.Ed. 1128. See also Vol. 5, Mertens, § 29.11.

tion of that regulation which approaches the factual situation here involved is § 1.172–7(b).[4] It provides in part that if one spouse incurs a net operating loss during marriage but files a separate return, the carryover may be applied against the income of both spouses in a subsequent year where a joint return is filed. The taxpayers here strongly urge that their factual situation falls squarely under this regulation and would have us adopt their position largely on the strength of it. We have carefully read all the regulations here involved and considering Regulation § 1.172–7 as a whole we believe the taxpayers' reliance upon subsection (b) overlooks one vital factor which is that the regulations contemplate that the parties be married in each example when the net operating loss was sustained.[5] In the present case of course Mrs. Calvin incurred the losses here involved while she was single. It has been suggested that even though the taxpayers were not married when the loss arose, Regulation 1.172–7(b) is broad enough to encompass their contention,[6] but we feel that would stretch the regulation beyond its intended scope. Subsection (b) apparently entered the regulation to change the situation in Van Vleck v. Commissioner, 2nd Cir., 80 F.2d 217, cert. denied, 298 U.S. 656, 56 S.Ct. 676, 80 L.Ed. 1382, which held that a net operating loss of one spouse incurred during marriage but reported in a separate return could not be subsequently carried over to offset joint income when the parties filed a joint return.

It seems necessary for us to point out at this juncture that mere filing of a joint return by married taxpayers does not ipso facto convert a net operating loss of one into the joint loss of them both when such loss is sought to be carried to other tax years. For instance, if a net operating loss is incurred in a joint return year, a subsequent attempt to carry it back or forward to separate returns necessitates an allocation of the loss to insure that it is only used to offset past or future income of the spouse who incurred it.[7]

To adopt appellants' position in the case we would have to give to the joint return and deduction provisions of the Code a most liberal construction. In fact, in our view, we would be required to write into the statutory provisions and the regulations implementing them a construction not contemplated by the Congress or the Internal Revenue Service. We are admonished by the Supreme Court that "The income taxed is described in sweeping terms and should be broadly construed in accordance with an obvious purpose to tax income comprehensively. The exemptions, on the other hand, are specifically stated and should be construed with restraint in the light of the same policy."[8] To us deductions should be construed in the same light as exemptions and the same rules of construction should be applied to both. Section 6013(d) of the Code provides that for the purpose of filing a joint return,

4. "(b) From separate to joint return. If a husband and wife, making a joint return for any taxable year, did not make a joint return for any of the taxable years involved in the computation of a net operating loss carryover or a net operating loss carryback to the taxable year for which the joint return is made, such separate net operating loss carryover or separate net operating loss carryback is a joint net operating loss carryover or joint net operating loss carryback to such taxable year."

5. For a similar statement see Vol. 5 Mertens, § 29:12. In fact, the Commissioner has ruled to that effect in denying a carryback of an operating loss to joint income where the net operating loss was incurred after the parties were divorced. Rev. Rule 60–216, Cum.Bul. 1960–1.

6. Vol. 63, Mich.L.Rev. 1482 (1965).

7. See Regulation 1.172–7(d) and Vol. 5, Mertens § 29:12.

8. Commissioner of Internal Revenue v. Jacobson, 336 U.S. 28, 69 S.Ct. 358, 93 L.Ed. 477.

the status of husband and wife shall be determined at the close of their taxable year. By virtue of this, deductions of either spouse before marriage are taken into account in the joint return but only if those deductions were incurred in the year of marriage. Nothing in the language permits transactions occurring in the years prior to marriage to effect joint income taxes.[9]

While there are no cases to our knowledge involving precisely the issue presented here, we believe that a proper construction of the statute and regulations requires us to conclude that the net operating loss provisions are personal to the taxpayer who incurred such loss and only available in other years to offset income of the same taxpayer.[10] In this regard we note in the joint return regulations at § 1.6013–4(b) that even though there is only one taxable income, there are still two taxpayers in a joint return. When a departure from this personal aspect of the net operating loss is sought, a taxpayer must point to a specific provision to sustain that position, which taxpayers here have not done. The only departure to our knowledge in the case of husband and wife is Regulation § 1.172–7(b) which as was mentioned earlier allows married taxpayers to carry back or over a loss incurred by one and reported in a separate return to offset joint return income.[11] Actually this departure is no more than allowing the parties to do what they had a right to do anyway when the loss was incurred; that is, file a joint return and carry over or back the loss to other joint returns.[12] Taxpayers here had no such right when the loss was sustained for they were not married and entitled to file jointly.

Affirmed.

9. Taxpayers believe they find support for their position in the cases of Helvering v. Janney, 311 U.S. 189, 61 S.Ct. 241, 85 L. Ed. 118, and Taft v. Helvering, 311 U.S. 195, 61 S.Ct. 244, 85 L.Ed. 122. The Janney case merely held that for *the taxable year in question*, the capital losses of one spouse may be offset by the capital gains of the other. The Taft case involved charitable contributions which the Court held may be computed on the aggregate income of both spouses for the year in question.

10. Supra, Note 2.

11. Of course, if the parties consistently file joint returns, they may carry a net operating loss jointly to other years irrespective of which one incurred the loss. Regulation § 1.172–7(c).

12. In fact, the joint return regulations at § 1.6013–2(a) provide that married taxpayers may substitute a joint return for previous years in which they filed separately which would then present the situation described in Regulation § 1.172–7(c), supra, note 11.