## GAMBLE v. STATE TAX COMMISSION

Mr. Morris J. Galen, Portland, submitted a brief on behalf of plaintiff.

Mr. Walter J. Apley, Assistant Attorney General, Salem, submitted a brief on behalf of defendant.

Decision for defendant rendered December 6, 1966.

EDWARD H. HOWELL, Judge.

Plaintiff filed this suit after the defendant com-

mission denied plaintiff's claim for a refund of personal income taxes for 1963 and assessed a deficiency against the plaintiff for the year 1964.

The facts have been stipulated.

Plaintiff and Ted R. Gamble were wife and husband until the latter's death in May, 1960. Plaintiff has not remarried.

For the year 1959 plaintiff and her husband filed a joint United States income tax return and reported a substantial gain from the sale and liquidation of Gamble Enterprises, Inc. During 1960 and prior to Mr. Gamble's death plaintiff and Mr. Gamble paid $475,485 United States income taxes from their joint funds.

Plaintiff as the surviving wife filed a joint state income tax return for 1960, reported gross income in the amount of $202,422 and deducted therefrom the federal income taxes paid in 1960. This resulted in a net loss on her 1960 state return of $273,063.

During 1961 plaintiff claimed a net loss carry-over under ORS 316.353(2) because of the loss sustained in 1960 resulting from the aforesaid deduction of the federal income tax. Plaintiff had no gross income for state income tax purposes in 1962.

In 1963 plaintiff reported a loss carry-over of $24,088 but in 1965 plaintiff filed a claim for a refund for 1963 contending she was entitled to a loss carry-over from 1960 of $101,833.16. The defendant denied plaintiff's claim.

In her state income tax return for 1964 plaintiff claimed a loss carry-over of $79,788.84. The defendant determined that plaintiff was not entitled to a deduction and assessed additional taxes and interest against plaintiff for 1964.

The parties agree that the issue is whether the plaintiff is entitled to a net loss deduction for 1963 and 1964 in the full amount of the net loss sustained by her and her husband and reported on their joint return for 1960, reduced only by that part of the net loss claimed by plaintiff in the intervening years.

ORS 316.353 provides for a net loss carry-over for a period of five years. Net loss is defined in that statute as "the total of the deductions allowed by this chapter in arriving at adjusted gross income * * * reduced by the gross income * * *."

ORS 316.015 defines adjusted gross income as the gross income minus:

"(1) The deductions allowed by ORS 316.305 to 316.360 which:

"(a) Are attributable to a trade or business carried on by the taxpayer * * *

"* * * * *

"(e) Consist of federal income taxes paid or accrued during the taxable year.

"* * * * *."

ORS 316.353 allowing a net loss carry-over was enacted in 1957. It is similar to § 172 of the 1954 Internal Revenue Code. The federal loss carry-over provisions were originally enacted in 1918. 5 Mertens, *Law of Federal Income Taxation,* § 29.01. The right to carry over losses from one tax year to offset gains in subsequent years was intended to overcome the "sometimes harsh effect of taxing income strictly on an annual basis." *Calvin et al v. U. S.,* 354 F2d 202 (10th Cir 1965), 66-1 USTC ¶ 9108, 16 AFTR2d 6025; *affirming* 235 F Supp 594 (D C, Colo, 1964), 65-1 USTC ¶ 9112, 15 AFTR2d 072. See also 2 CCH 1966 Stand Fed Tax Rep ¶ 1900.

In support of her position that she is entitled to a net loss carry-over of the full amount of the net loss sustained by her and her husband (and not limited to the loss resulting from her portion of the federal income taxes paid in 1960) plaintiff argues that the 1960 federal income taxes were the joint and several liability of plaintiff and Mr. Gamble and that a joint return is the return of one taxable unit, not two separate returns filed on the same form. ORS 316.510 and § 6013 of the Internal Revenue Code of 1954.

Plaintiff relies on *Taft v. Helvering,* 311 US 195, 61 S Ct 244, 85 L ed 122, 40-2 USTC ¶ 9828, 24 AFTR 1076 (1940) and *Helvering v. Janney,* 311 US 189, 61 S Ct 241, 85 L ed 118, 40-2 USTC ¶ 9827, 24 AFTR 1073 (1940), to support her position that a joint return is the return of one taxable unit.

In the *Taft* case the U. S. Supreme Court held that a husband and wife filing a joint income tax return could deduct their charitable contributions on the basis of the aggregate income of both spouses and not on the basis of the separate net income of the wife. The *Janney* case held that a tax should be based on the aggregate income of both spouses and that capital losses of the husband could be used to offset the capital gains incurred by his wife in the same tax year.

■■ It is noted that the taxable unit and aggregate income theory in the *Taft* and *Janney* cases did not involve a loss carry-back or carry-forward situation. The concept of a taxable unit when a joint return is filed by a husband and wife is not absolute. "It does not create a new tax personality which would be entitled, in its own right, to deductions not otherwise available to the individual spouses under the Code." 8-A Mertens, *Law of Federal Income Taxation,* § 47.07,

p 18. In *Calvin et al v. U. S., supra,* the circuit court of appeals made the following observations concerning the entity theory of a joint return:

"It seems necessary for us to point out at this juncture that mere filing of a joint return by married taxpayers does not ipso facto convert a net operating loss of one into the joint loss of them both when such loss is sought to be carried to other tax years. For instance, if a net operating loss is incurred in a joint return year, a subsequent attempt to carry it back or forward to separate returns necessitates an allocation of the loss to insure that it is only used to offset past or future income of the spouse who incurred it."[1] 66-1 USTC ¶ 9108, p. 85.025.

Mertens states the following rule concerning the treatment of net operating losses when the spouses file either separate or joint returns:

"No difficulty is encountered where a husband and wife each consistently files separate returns or both consistently file joint returns for the year in which there is a net operating loss and for the entire period in which the loss may be carried back and carried forward. *If joint returns are filed under the circumstances referred to, the spouses are treated as an entity for the loss year and for the entire carry-back and carry-over period, and no analysis is made of the joint returns to determine to whom gross income and deductions are attributable. Such an analysis must be made, however, if in any of the aforementioned years the husband and wife either file separate returns where previously joint returns had been filed, or file joint returns where previously separate returns had been filed.* The necessary adjustments which must be

[1] Reg. § 1.172-7(d). This federal regulation requires the allocation mentioned above when a loss is reported in a joint return and carried back or forward to separate returns. The State Tax Commission has not promulgated a similar regulation.

made are discussed in detail in the Regulations which should be consulted by the reader. In general, the purpose of the adjustments is to make certain that the net operating loss resulting from the activities of one spouse will not be availed of by the other spouse so as to reduce the latter's income through the allowance of a net operating loss deduction. Tax returns are analyzed to ascertain the nature of the gross income and deductions of each spouse for the taxable year in which a net operating loss is sustained, and for each of the years to which such loss may be carried back and carried over. As a simple example, if a husband and wife should file a joint return for 1955 showing a net operating loss attributable entirely to the husband's business activities and if the spouses filed separate returns in 1953, the net operating loss carry-back may only be availed of by the husband in recomputing his 1953 tax liability." 5 Mertens, *Law of Federal Income Taxation,* § 29.12, p 128-9. (Emphasis supplied.)

See also 2 CCH 1966 Stand Fed Tax Rep ¶ 1921.064.

The general rule appears to be that the net operating loss may be carried back and forward only by the taxpayer who sustained the loss. *Calvin et al v. U. S., supra.* 2 CCH 1966, Stand Fed Tax Rep ¶ 1900.

■ The plaintiff vigorously attacks this rule and claims that it does not apply to her because ORS 316.015 allowing the deduction of "federal income taxes paid or accrued during the taxable year" does not include the limiting words "by the taxpayer."[2]

Until the enactment of the Internal Revenue Code

---

[2] Other portions of ORS 316.015 do include the words "paid by or incurred by the taxpayer" and subsection (1)(a) of said section allows deductions which "are attributable to a trade or business carried on by the taxpayer. * * *"

of 1954 the previous statutes[9] pertaining to the net operating loss carry-over referred to "the taxpayer," or "any taxpayer" sustaining such loss. The reference to "the taxpayer" was omitted from § 172(b)(1)(B) of the 1954 code.

Whether there is any significance to the inclusion or the omission of the reference to "the taxpayer" in the various federal codes is questionable. In *New Colonial Ice Co., Inc. v. Helvering,* 292 US 435, 57 S Ct 788, 78 L ed 542, 4 USTC ¶ 209, 13 AFTR 1180 (1933), an original corporation was taken over by a new corporation which attempted to deduct the net losses sustained by the original corporation from its net income. Section 204(b) of the Revenue Act of 1921 was involved and it provided in part that if "any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year." In holding that the new corporation could not deduct the losses incurred by the old corporation because the former was not the taxpayer who sustained the loss, the court stated:

"* * * Taken according to their natural import they [the words of the statute] mean that the taxpayer who sustained the loss is the one to whom the deduction should be allowed. * * *" 78 L ed at 1352; 4 USTC at 210.[10]

In *Arthur T. Beckett v. Commissioner,* 41 TC 386, 417 (1963), the Tax Court noted the difference between the 1939 federal code and the 1954 federal code when the latter omitted any reference to "the tax-

[9] Section 204(b) of the Revenue Act of 1921 and section 122(b) of the Internal Revenue Code of 1939.

[10] See also 63 Mich L Rev 1482 (1965) wherein the writer feels that the emphasis placed on the words "the taxpayer" in *New Colonial Ice Co. v. Helvering, supra,* has "lost its vitality" because of the change in the 1954 code omitting the reference to the taxpayer.

payer" as contained in the 1939 and 1921 net operating loss carry-over statutes. The court after examining the congressional committee reports did not attach any special significance to the omission of any reference to "the taxpayer" in the 1954 code and found that there was no substantial change in the 1939 and 1954 statutes in this regard.

It is true that the *Beckett* case was reversed by the United States Circuit Court of Appeals, 9th Circuit, in *Maxwell Hardware Co. v. Commissioner,* 343 F2d 713 (9th Cir 1965), 65-1 USTC ¶ 9332, 15 AFTR 2d 692; *rev,* 41 TC 386, and that the court found that the newly enacted § 172 of the 1954 code constituted a substantial revision of the 1939 code but no mention was made of any significance attached to the omission of the phrase "the taxpayer" in the 1954 code.

Apparently Congress did not address itself to any problem concerning the significance of the words "the taxpayer" when they enacted the 1954 code.[9] In any event, the rule restricting the loss carry-over to the taxpayer who sustained the loss has been reiterated in the past year by the United States Circuit Court of Appeals, 10th circuit, in *Calvin et al v. U. S., supra.*

■ In *Calvin* the plaintiffs, husband and wife, were married in 1959 and filed separate returns for 1959. The wife reported a loss and the husband paid tax on his income. In years prior to the marriage the wife had sustained operating losses which were available as a carry-over to her 1959 return. In 1962 the plaintiffs filed a substituted joint return for 1959 and used the wife's net operating losses incurred be-

---

[9] 3, U. S. Code Congressional and Administrative News, p 4192 (House Report), p 4847 (Senate Report), and p 5280 (Conference Report). None of the reports appear to attach any importance to the omission of the words "the taxpayer."

fore the marriage to offset the combined income of both of them.

At the trial in the district court the plaintiffs (like the plaintiff in this case) relied upon the rule announced in *Taft* and *Janney* that by filing a joint return they became a taxable unit, in the aggregate; that this rule overrides the principle in *New Colonial Ice, supra,* that a loss carry-over is restricted to the taxpayer sustaining the loss.

The district court affirmed the Commissioner and held that the net operating loss sustained by the wife prior to her marriage could be applied to offset her income in subsequent years but that such loss could not be applied to the husband's income. The district court in so holding based its decision principally on the rule set forth in *New Colonial Ice, supra,* and *Libson Shops, Inc. v. Koehler,* 353 US 382, 77 S Ct 990, 1 L ed2d 924, 57-1 USTC ¶ 9691, 51 AFTR 43 (1957): *reh. denied,* 354 US 943, 77 S Ct 1390, 1 L ed2d 1542, both of which involved corporate mergers.

On appeal to the U. S. Circuit Court of Appeals, tenth circuit, the decision was affirmed, although on different or additional grounds. The circuit court rejected plaintiffs' reliance on the federal Reg. § 1.172-7(b)[⊛] on the grounds that the regulation contemplated that the parties be married when the net operating loss was sustained.

The Court stated:

"*    *    *   The authorities seem to generally agree

---

[⊛] Reg. § 1.172-7(b): "If a husband and wife, making a joint return for any taxable year, did not make a joint return for any of the taxable years involved in the computation of a net operating loss carryover or a net operating loss carryback to the taxable year for which the joint return is made, such separate net operating loss carryover or separate net operating loss carryback is a joint net operating loss carryover or joint net operating loss carryback to such taxable year."

*that in the absence of express statutory language, only the taxpayer who sustained the loss is entitled to take the deduction.* \* \* \*
"\* \* \* \* \*

"*While there are no cases to our knowledge involving precisely the issue presented here, we believe that a proper construction of the statute and regulations requires us to conclude that the net operating loss provisions are personal to the taxpayer who incurred such loss and only available to other years to offset income of the same taxpayer.* In this regard we note in the joint return regulations at § 1.6013-4(b) that even though there is only one taxable income, there are still two taxpayers in a joint return. When a departure from this personal aspect of the net operating loss is sought, a taxpayer must point to a specific provision to sustain that position, which taxpayers here have not done. \* \* \*" 66-1 USTC at 85-205, 6. (Emphasis supplied.)

To summarize: While the *Taft* and *Janney* decisions establish the principle that a joint return is the return of one taxable unit with the tax computed on the aggregate of the income of both spouses, this rule does not apply to the net loss carry-over in this case. There is no particular significance to the fact that ORS 316.015(e) does not include the words "by the taxpayer." The net operating loss provided for in ORS 316.353 is personal to the taxpayer sustaining the loss.

The plaintiff is not entitled to a net loss deduction for 1963 and 1964 in the full amount of the net loss sustained by her and her husband. Her net loss deduction is limited to that portion of the federal taxes paid by her which was attributable to her 1959 income.

The order of the tax commission is sustained. Costs to neither party.