MAX SCHNEIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schneier v. Commissioner
Docket No. 8277-82.
United States Tax Court
T.C. Memo 1983-390; 1983 Tax Ct. Memo LEXIS 402; 46 T.C.M. (CCH) 653; T.C.M. (RIA) 83390; July 5, 1983. Max Schneier, pro se. Darren M. Larsen, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Darrell D. Hallett pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent *404 determined a deficiency in petitioner's 1978 Federal income tax in the amount of $523. The issue for decision is whether a mother and stepfather having custody of children by the mother's former marriage may claim dependency exemptions on their joint return for the children where more than one-half of the support is provided from earnings of the stepfather but the noncustodial father contributed more than $600 support and the separation agreement between the noncustodial father and mother provided that the noncustodial father would be entitled to the exemptions. Most of the relevant facts have been stipulated and are found accordingly. Petitioner was a resident of Marina Del Ray, California, at the time the petition was filed in this case. During the tax year 1978 petitioner and Judy Schneier were married and had custody of two children of Judy Schneier from her former marriage with Mr. Stackel. The separation agreement entered into between Mr. Stackel and Mrs. Schneier incident to their divorce provided that Mr. Stackel would be entitled to dependency exemptions for the two children provided he made the $400 monthly support payments required by the agreement. During 1978, *405 Mr. Stackel complied with the terms of the separation agreement concerning support and he made payments amounting to $5,600 for the support of the two children.
The amount of support provided by the petitioner for the two children during 1978 was more than one-half of their total support for the year. Petitioner was not a party to the divorce or the separation agreement between Mr. Stackel and Mrs. Schneier, and he did not know of the terms of their divorce or separation agreement prior to May 1981. On their joint Federal income tax return for the year 1978, petitioner and Mrs. Schneier claimed dependency exemptions for the two children. Mr. Stackel claimed exemptions on his 1978 return for the two children as well. Respondent determined that Mr. Stackel is, and petitioner and Judy Schneier are not, entitled to the exemptions claimed. [3] We agree with respondent. Petitioner relies upon the provisions of section 151(e) and section 152(a)(2) in support *406 of his claim to entitlement for the exemptions. These sections permit an exemption for a stepchild of the taxpayer if the taxpayer contributes over one-half of the stepchild's support. Since it has been stipulated that over one-half of the support for the two children involved here was received from petitioner, and since there is no dispute that the children were his stepchildren during the taxable year 1978, petitioner contends that he meets all of the requirements of the statutes. However, respondent relies upon section 152(e) for the position that, for purposes of section 152(a), Mr. Stackel is to be treated as if he contributed over one-half of the children's support such that he, and not petitioner, is entitled to the exemptions. Section 152(e)(1) provides that if a "child" receives over one-half of his support from his divorced or legally separated "parents" and the child is in the custody of one or more of his parents for more than one-half of the year, then, unless section 152(e)(2) applies, the child shall be treated as having received over one-half of his support from the parent having custody the greater portion of the year. Section 152(e)(2) provides that the child *407 referred to in section 152(e)(1) shall be treated as having received over one-half of his support from the parent not having custody if a divorce decree or a written agreement provides that the noncustodial parent shall be entitled to the exemption, and that parent provides at least $600 support for the child during the year. Respondent argues that because the separation agreement between Mr. Stackel and Mrs. Schneier provided that Mr. Stackel was to have the benefit of the dependency exemptions for the two children, and Mr. Stackel paid more than $600 support for them, he, and not petitioner, is entitled to the exemptions. A threshold requirement for the applicability of the special rules provided by section 152(e) in the case of divorced parents is that the parents must provide over one-half of the child's support. Thus, if more than one-half of the support is provided by a third party, section 152(e) has no applicability and the general rules of section 151 and section 152 determine whether a taxpayer is entitled to the exemption. Hopkins v. Commissioner,55 T.C. 538, 540-541 (1970); section 1.152-4(a), Income Tax Regs. Petitioner contends that we should consider *408 the exemptions for his two stepsons as having been claimed by him as a "third party" not precluded under section 152(e)(2) from doing so by the separation agreement involving Mr. Stackel and Mrs. Schneier. However, in the first instance, petitioner overlooks the fact that it is not he, as an individual taxpayering unit separate and distinct from Mrs. Schneier, who claimed the exemptions on the return in question. Rather, the exemptions were claimed on a joint return filed by petitioner and Mrs. Schneier.It has long been held that income and deductions reported on a joint return are to be treated as having been reported by husband and wife together filing as a single taxable unit. Taft v. Helvering,311 U.S. 195 (1940); United States v. Allen,551 F.2d 208 (8th Cir. 1977). Thus, petitioner cannot so conveniently frame the dependency exemption question in terms of his relationship to the children and the amount of support that he provided for them. The exemptions in issue were claimed by a single taxpaying unit of which Mrs. Schneier was as much a part as petitioner. Viewing the situation in this light, we conclude that the provisions of section *409 152(e) prohibit petitioner and Mrs. Schneier from claiming the exemptions on the joint return they filed. Admittedly, section 152(e) is not clear on its face as to its applicability to the precise situation involved in this case. The "special rule" of section 152(e)(2) which allows the exemption to the noncustodial spouse applies to the "child" of "parents" described in section 152(e)(1). Section 152(e)(1) applies if a "child" (as defined in section 151(e)(3)) receives over one-half of his support during the year "from his parents who are divorced or legally separated * * *." On the one hand, a stepfather would appear to be included within the scope of section 152(e)(1), since that section refers to section 151(e)(3) for the definition of the term "child," and section 151(e)(3) defines a "child" to include a stepson or stepdaughter of a taxpayer. However, the "child" referred to in section 152(e)(1) is further described in that section as an individual receiving over one-half of his support from his parents "who are legally separated or divorced." Arguably, the description of persons included as "parents" would exclude a stepfather who is not a party to the divorce proceedings *410 and who provided over one-half of the support for the child. However, we think section 152(e)(1) and (2) should be interpreted to preclude a natural parent and her spouse filing a joint return from claiming the exemption for a child where the noncustodial parent is otherwise entitled to the exemption under section 152(e)(2). [4] In this situation, the single taxable unit comprised of the natural parent and her spouse filing the joint return should be considered "parents" bound by the provisions of section 152(e). [5]
In reaching this conclusion, we are particularly mindful of the legislative purpose behind the enactment of the special provisions of section *411 152(e). In this respect, before the section was enacted, considerable controversy and uncertainty was generated over the issues as to the total support provided children of divorced parents, and the amount of support provided by each parent. To alleviate that situation, Congress provided, with the enactment of section 152(e), that the parents could decide and agree at the time of their divorce who was to have the dependency exemptions, and that their straightforward agreement on the matter would control for tax purposes. See Colton v. Commissioner,56 T.C. 471, 473-474 (1971); Sheeley v. Commissioner,59 T.C. 531, 534 (1973). In light of this legislative purpose, we concluded in Colton that the noncustodial parent was entitled to dependency exemptions and his ex-wife was not even though the noncustodial parent's support contribution could be viewed as having been derived from community earnings of him and his new spouse such that his "individual" contribution, if community property rules were applicable in interpreting section 152(e), would be less than the $600 minimum required by the statute. We stated in Colton v. Commissioner,supra at 475: *412 * * * [The application of community property laws] would introduce a whole new set of complexities - the necessity for distinguishing community from separate property - and would thus frustrate the congressional quest for simplicity and certainty. An interpretation so completely at variance with a declared legislative purpose should not be adopted unless required by the plain terms of the statute. [Citations omitted]. Likewise, the interpretation of the statute sought by petitioner in this case would clearly frustrate congressional intent. It would involve the necessity for tracing the relative contribution to the support of a child made by the custodial parent and the spouse of that parent to determine whether the noncustodial parent otherwise entitled to the exemption by reason of his agreement with the custodial parent is so entitled. [6] While Congress did indicate that section 152(e) was not to apply where a "third party" contributes over one-half of the child's support (see H. Rept. No. 102, 90th Cong., 1st Sess. 1 (1967), 1967-2 C.B. 590-594; S. Rept. No. 488, to accompany H.R. 6056 (Pub. L. 90-78), 90th Cong., 1st Sess. (1967), reprinted in 1967 U. *413 S. Code Cong. & Adm. News, 1527, 1529), there is no indication that Congress intended a "third party" to include a stepparent under the instant factual situation. Moreover, we think it was clearly foreseeable by Congress that divorced spouses reaching agreement as to the matter of exemptions would remarry, and it is unreasonable to conclude that Congress intended that the certainty which it otherwise sought to provide by the statute would be completely upset by remarriage of the custodial spouse. [7] See footnote 5, supra.
*414 Finally, we reject petitioner's various constitutional arguments that our interpretation of section 152(e), which denies petitioner the benefit of exemptions for the two children because of an agreement to which petitioner was not a party, is invalid. Again, petitioner conveniently overlooks the fact that he elected to file a joint return with his spouse, and by doing so presumably obtained the benefits of joint return rates. He now seeks to cast the exemption question in terms of whether "he", individually, has been deprived of entitlement to the exemptions which were in fact claimed on a joint return. In any event, deductions, including dependency exemptions, are matters of legislative grace which Congress has been given great leeway in conditioning, limiting, and denying. Labay v. Commissioner,55 T.C. 6, 14 (1970), affd. 450 F.2d 280 (5th Cir. 1971). Particularly in view of the congressional purpose to inject certainty into an area of law that was fraught with controversy, we do not believe our holding that a spouse who files a joint return with a custodial spouse is bound by the provisions of section 152(e) results in an arbitrary and capricious *415 classification. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.
3. Although the notice of deficiency in this case, because it relates to the joint return filed by petitioner and Judy Schneier, was issued to the two of them, only petitioner filed a petition in response to the notice.↩
4. Respondent reached the same conclusion in Rev. Rul. 78-91, 1978-1 C.B. 36. Generally, revenue rulings are not entitled to the weight of Treasury Regulations, and will be set aside if they amount to an unreasonable construction of the statute involved. Estate of Lang v. Commissioner,64 T.C. 404, 407 (1975), affd. in part and reversed in part, 613 F.2d 770↩ (9th Cir. 1980). 5. We have reached no conclusion as to the result in this case if petitioner had filed a separate return.↩
6. For example, although respondent stipulated in this case that petitioner provided over one-half of the children's support, it appears that the support provided came from community earnings of petitioner and Mrs. Schneier. While petitioner relies upon Colton v. Commissioner,56 T.C. 472, 473-474 (1971), for the notion that community property rules should be disregarded in determining his support contribution, if petitioner, unlike the petitioner in Colton,↩ were to be treated as a true "third party" having no obligation to support the children, his argument that one-half of the support derived from "his" earnings should not be attributed to Mrs. Schneier is of doubtful merit. 7. See Reynolds v. Commissioner,T.C. Memo. 1980-6; O'Brien v. Commissioner,T.C. Memo. 1975-329↩.