T.C. Memo. 2017-63

UNITED STATES TAX COURT

LISA F. WILSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23860-15.　　　　　　　　　Filed April 17, 2017.

Lisa F. Wilson, pro se.

<u>Lawrence D. Sledz</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  This proceeding was commenced under section 6015 for review of respondent's determination that petitioner is not entitled to relief from joint and several liability for 2013 with respect to a Federal income tax return that she filed as a surviving spouse.

[*2]   Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The issue for consideration is whether petitioner is entitled to relief under section 6015(b), (c), or (f).

FINDINGS OF FACT

Some of the facts have been stipulated and are incorporated in our findings by this reference.  Petitioner resided in Georgia when she timely filed her petition.

On March 1, 2013, petitioner and her spouse were legally married in Washington, D.C.  Petitioner's spouse died on July 5, 2013.  Petitioner and her spouse shared the same residence for 13 years, including from January 1, 2013, until the death of petitioner's spouse.  Petitioner's spouse died testate, leaving petitioner as the executor and sole beneficiary under her will.

During 2013 petitioner's spouse worked for the Boys and Girls Clubs of America, earning wages of $18,661, and received unemployment compensation of $5,245 from the Georgia Department of Labor.  During 2013 petitioner worked for the Alliance to Save Energy and the Southeast Energy Efficiency Alliance (SEEA), earned wages of $81,634, and received nonemployee compensation of $5,542 from SEEA.  During 2013 petitioner and petitioner's spouse held a joint USAA bank account into which they deposited their wages.

[*3]   Pursuant to Rev. Rul. 2013-17, 2013-38 I.R.B. 201, petitioner and her spouse were eligible to file a Federal joint income tax return for taxable year 2013. On January 26, 2014, petitioner timely filed a joint Form 1040A, U.S. Individual Income Tax Return, for tax year 2013 as a surviving spouse.  The 2013 return reported adjusted gross income of $100,295 and claimed personal exemption deductions for petitioner, her spouse, and their children.

Respondent determined a deficiency in petitioner's Federal income tax of $3,430 for 2013.  The determined deficiency arose from petitioner's failure to report petitioner's spouse's unemployment compensation of $5,245 and petitioner's nonemployee compensation of $5,542.[1]

On January 13, 2016, petitioner submitted a Form 8857, Request for Innocent Spouse Relief, to the Internal Revenue Service (IRS).  Petitioner requested relief from liability for the portion of the deficiency attributable to her spouse's unemployment compensation.  On February 5, 2016, the IRS sent petitioner a letter asking her for more information.  On March 3, 2016, petitioner submitted a revised copy of Form 8857.

In 2010 both petitioner and her spouse had filed for bankruptcy.  They each filed for bankruptcy because petitioner had lost her job on account of a poor

---

[1]Petitioner conceded the amount of the deficiency.

[*4] economy and her spouse was not working while obtaining her Ph.D. Petitioner was no longer in bankruptcy at the time she submitted her revised Form 8857.

On her revised Form 8857 petitioner explained that she had filed a joint return for 2013 based on the advice of her accountant. On that form she admitted to knowing that her spouse had received unemployment compensation in 2013, but she requested relief from liability based on the following: her spouse had received the unemployment compensation before they were legally married; she had never received a Form 1099-G, Certain Government Payments, for her spouse's unemployment compensation; and she "was unaware that * * * [her spouse] had opted to not have taxes taken out of [her] unemployment income". At trial petitioner testified, providing the same information.

On the Form 8857 petitioner reported her total monthly income and expenses as $11,000 and $8,860, respectively. Her total monthly income of $11,000 included $3,000 of Social Security dependent benefits for her two children. She further explained that she had $81,000 of equity in her residence and owned two vehicles worth a total of $5,000. She checked "No" in response to the form's question of whether she suffered from mental or physical health

**[*5]** problems at either the timethat she filed the 2013 return or at the time that she submitted her request for relief.

On April 25, 2016, respondent determined that petitioner was not eligible for relief from joint and several liability under section 6015(b), (c), or (f). According to the workpapers used to determine petitioner's eligibility for relief, the basis for denial was that petitioner knew that her spouse had received unemployment compensation in 2013 and that petitioner had not established economic hardship.

On October 19, 2016, petitioner accepted an offer from SEEA to work as a director of energy equity, lowering her annual salary from $120,000 to $107,500, effective November 13, 2016. In October 2016 petitioner submitted an updated income and expense schedule showing that her total monthly income and expenses equaled $7,748 and $7,647, respectively. Petitioner's updated monthly expense schedule included $1,900 for private school tuition, $160 for housekeeping, $250 for recreation, and $150 for travel. Petitioner's updated budget was post bankruptcy but was based on the budget maintained during bankruptcy.

## OPINION

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). As a surviving spouse and her spouse's executor, petitioner

**[\*6]** could elect to file a joint return with respect to both herself and her spouse. See sec. 6013(a)(3).  After this election is made, each spouse is jointly and severally liable for the entire tax due for that taxable year.  Sec. 6013(d)(3). Section 6015 provides a spouse with three alternatives for relief from joint and several liability: (1) full or partial relief under subsection (b), (2) proportionate relief under subsection (c), and (3) if relief is not available under subsection (b) or (c), equitable relief under subsection (f).

This Court has jurisdiction to review respondent's denial of petitioner's request for equitable relief under section 6015(b), (c), and (f).  See sec. 6015(e)(1). We apply a de novo standard of review as well as a de novo scope of review.  See Porter v. Commissioner, 132 T.C. 203, 210 (2009).

I.    Section 6015(b)

In order to be entitled to relief under section 6015(b), the requesting spouse must satisfy the following conditions:  (1) a joint return has been made for a taxable year; (2) on such return there is an understatement of tax attributable to erroneous items of the nonrequesting spouse; (3) the requesting spouse did not know and had no reason to know of the understatement at the time that the return was signed; (4) taking into account all the facts and circumstances, it is inequitable to hold the requesting spouse liable for that year's deficiency in tax attributable to

**[\*7]** such understatement; and (5) the requesting spouse timely elects relief under section 6015(b).  Sec. 6015(b)(1).  These conditions are stated in the conjunctive and, thus, a failure to meet any one of them precludes the requesting spouse from being entitled to relief under section 6015(b).  Alt v. Commissioner, 119 T.C. 306, 313 (2002), aff'd, 101 F. App'x 34 (6th Cir. 2004); Haltom v. Commissioner, T.C. Memo. 2005-209, slip op. at 9.

If a spouse seeking relief under section 6015(b) has actual knowledge of the underlying item that produced income that was omitted from a joint return, relief from joint and several liability will be denied.  See sec. 6015(b)(1)(C); see also Cheshire v. Commissioner, 115 T.C. 183, 192-193 (2000), aff'd, 282 F.3d 326, 332-334 (5th Cir. 2002).  The rules pertaining to a requesting spouse's actual knowledge are set forth in section 1.6015-3(c)(2), Income Tax Regs.  Sec. 1.6015-2(c), Income Tax Regs.; see also Cheshire v. Commissioner, 115 T.C. at 195 (stating that the knowledge standard for purposes of section 6015(c)(3)(C) is an actual and clear awareness of the existence of the item giving rise to the deficiency).  In the case of omitted income, knowledge of the item includes knowledge of receipt of the income.  Sec. 1.6015-3(c)(2)(i)(A), Income Tax Regs.

Where the understatement arises from omitted income, we employ a "knowledge of the transaction" test.  This test requires us to determine whether the

[*8] requesting spouse was aware of the circumstances that gave rise to the understatement of income. See Bokum v. Commissioner, 94 T.C. 126 (1990), aff'd, 992 F.2d 1132 (11th Cir. 1993). A portion of the understatement of tax in this case was attributable to petitioner's spouse's unreported unemployment compensation for 2013. On her revised Form 8857 and at trial petitioner admitted that she had actual knowledge that her spouse had received unemployment compensation in 2013.

Petitioner testified that although she knew that her spouse had received unemployment compensation, she was unaware that her spouse had elected not to have Federal tax withheld from the compensation payments. Petitioner's spouse's unemployment compensation was income that should have been reported on the 2013 Form 1040A regardless of whether any Federal tax was withheld. See secs. 61(a), 85(a), 6013(d)(3); see also Taft v. Helvering, 311 U.S. 195, 197 (1940) (stating that a joint Federal income tax return is treated as a return of a single taxable unit and taxpayers electing to so file must report their aggregate income upon which tax is computed). Petitioner is not eligible for relief under section 6015(b).

**[*9]** II.    Section 6015(c)

Under section 6015(c) if the requesting spouse is no longer married to or is legally separated from the spouse with whom he or she filed the joint return, he or she may elect to limit liability for a deficiency as provided in section 6015(d). Sec. 6015(c)(1), (3)(A)(i)(I); DeMattos v. Commissioner, T.C. Memo. 2010-110, slip op. at 10. Under section 6015(d)(3)(A) any item giving rise to a deficiency on a joint tax return generally shall be allocated to the individual filing the return in the same manner as it would have been allocated if the individual had filed a separate return for the taxable year. This election, however, is not available where the Commissioner has demonstrated that the individual making the election had actual knowledge, at the time that he or she signed the return, of any item giving rise to the deficiency. Sec. 6015(c)(3)(C); Hopkins v. Commissioner, 121 T.C. 73, 86 (2003). The rules pertaining to a requesting spouse's actual knowledge under section 6015(c) are the same rules that apply under section 6015(b). Sec. 1.6015-3(c)(2), Income Tax Regs. Because we have determined that petitioner had actual knowledge of the item giving rise to the relevant portion of the deficiency, she is not eligible for relief under section 6015(c).

**[*10]** III.     Section 6015(f)

Section 6015(f) provides alternative relief for a requesting spouse who does not qualify under section 6015(b) or (c).  Sec. 6015(f)(2); Porter v. Commissioner, 132 T.C. at 206.  Section 6015(f)(1) permits relief from joint and several liability if it would be inequitable to hold the requesting spouse liable for any unpaid tax or any deficiency.  Under section 6015(f) the Secretary may grant equitable relief to a requesting spouse on the basis of the facts and circumstances.  Petitioner bears the burden of proving that she is entitled to equitable relief under section 6015(f).  See Rule 142(a); Porter v. Commissioner, 132 T.C. at 210.

The Commissioner issued Rev. Proc. 2013-34, 2013-43 I.R.B. 397, superseding Rev. Proc. 2003-61, 2003-2 C.B. 296, to provide guidance for determining whether a taxpayer is entitled to equitable relief from joint and several liability.  Rev. Proc. 2013-34, supra, is effective for all requests for equitable relief pending on or after September 16, 2013, including those before a Federal court. Id. sec. 7, 2013-43 I.R.B. at 403.  While the Court may consider the guidance set forth in Rev. Proc. 2013-34, supra, we are not bound by it; our determination ultimately rests on an evaluation of all the facts and circumstances.  See Pullins v. Commissioner, 136 T.C. 432, 438-439 (2011); Johnson v. Commissioner, T.C. Memo. 2014-240, at *10.

**[*11]**  Rev. Proc. 2013-34, supra, provides a three-step analysis for evaluating a request for equitable relief.  The first step consists of seven threshold conditions that must be met.  Id. sec. 4.01, 2013-43 I.R.B. at 399-400.  Respondent concedes that petitioner meets these seven threshold conditions.

The second step of the analysis provides three conditions that, if met, will qualify a requesting spouse for a streamlined determination of relief under section 6015(f).  Id. sec. 4.02, 2013-43 I.R.B. at 400.  Petitioner is not eligible for a streamlined determination because one requirement is that the requesting spouse had no knowledge or reason to know when the return was filed that there was an understatement or deficiency.  See id.

The third step is available if the requesting spouse satisfies the threshold conditions but fails to satisfy the conditions for a streamlined determination.  A requesting spouse may still be eligible for equitable relief under section 6015(f) if, taking into account all the facts and circumstances, it would be inequitable to hold the requesting spouse liable for the unpaid tax or deficiency.  Id. sec. 4.03.

Rev. Proc. 2013-34, sec. 4.03, lists the following nonexclusive factors that the IRS takes into account when determining whether to grant equitable relief: (1) marital status; (2) economic hardship; (3) in the case of a deficiency, knowledge or reason to know of the item giving rise to the deficiency; (4) legal

[*12] obligation; (5) significant benefit; (6) compliance with tax laws; and (7) mental or physical health.  Id.  Relief may be denied even where a majority of these nonexclusive factors favors relief and vice versa.  See id. sec. 3.05, 2013-43 I.R.B. at 398.

We find that most of the factors are neutral.  Looking at the facts and circumstances, the factors that have the most relevance to this case are economic hardship and knowledge or reason to know of the item giving rise to the deficiency.  We find that petitioner would not be subject to economic hardship if relief was not granted.

Generally, economic hardship exists when collection of the tax liability will render the taxpayer unable to meet basic living expenses.  Id. sec. 4.03(2)(b), 2013-43 I.R.B. at 401.  The determination of whether a spouse will suffer economic hardship is based on rules similar to section 301.6343-1(b)(4), Proced. & Admin. Regs.  Id.  The facts and circumstances considered include:  (1) the requesting spouse's age, employment status and history, ability to earn, and number of dependents; (2) the amount reasonably necessary for food, clothing, housing, medical expenses, and transportation; and (3) any extraordinary circumstances or other facts the taxpayer raises.  See sec. 301.6343-1(b)(4)(ii), Proced. & Admin. Regs.  The IRS considers the requesting spouse's income

**[\*13]** (including how the requesting spouse's income compares to Federal poverty guidelines) and assets and compares them with his or her share of basic living expenses. Rev. Proc. 2013-34, sec. 4.03(2)(b). The taxpayer's financial status is assessed as of the time of trial. Pullins v. Commissioner, 136 T.C. at 446-447.

On her revised Form 8857 petitioner reported monthly income of $11,000 and expenses of $8,860. On October 19, 2016, petitioner accepted a different job with SEEA, lowering her annual salary from $120,000 to $107,500, effective November 13, 2016. Petitioner's updated income and expense schedule showed that at the time of trial her total monthly income and expenses had been reduced to $7,748 and $7,647, respectively. However, not all of petitioner's updated expenses were necessarily reasonable basic monthly living expenses. Her monthly expenses included recreation, housekeeping, travel, and private school tuition. See sec. 301.6343-1(b)(4)(ii), Proced. & Admin. Regs.

Economic hardship generally does not exist if the requesting spouse's income exceeds 250% of the Federal poverty guidelines and monthly income exceeds reasonable basic monthly living expenses by $300. Rev. Proc. 2013-34, sec. 4.03(2)(b). Petitioner's annual income is well above 250% of the Federal poverty guidelines for 2016, and her monthly income exceeds her reasonable basic monthly living expenses by more than $300. See Hall v. Commissioner, T.C.

[*14] Memo. 2015-221, at *7. She also has $81,000 of equity in her residence and owns two vehicles worth a total of $5,000. See Work v. Commissioner, T.C. Memo. 2014-190, at *26; see also sec. 301.6343-1(b)(4), Proced. & Admin. Regs.; Rev. Proc. 2013-34, sec. 4.03(2)(b). Petitioner has not shown that she would suffer economic hardship if relief were denied.

As discussed previously, we find that petitioner had actual knowledge of the circumstances that gave rise to the understatement of income. This factor weighs against granting relief. She was aware that her spouse received unemployment compensation. Abuse was not a factor, and there was no evidence that the nonrequesting spouse attempted to rigidly control household finances or deny petitioner access to financial records.

Considering all the facts and circumstances, we are not persuaded that it would be inequitable to deny petitioner relief under section 6015(f). Our decision whether relief is appropriate is not based on a simple tally of factors. See, e.g., Hudgins v. Commissioner, T.C. Memo. 2012-260, at *39-*40. Considering that petitioner had actual knowledge of her spouse's unreported income, and in the absence of economic hardship, we conclude that it would not be inequitable to deny petitioner relief under section 6015(f).

[*15]  To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.