# TIFFANY-DAVIS DRUG CO. *v.* COMMISSION
## OREGON FOOD STORES, INC. *v.* COM-
## MISSION

Kaye C. Robinette, Vonderheit, Hershner & Hunter, Eugene, Oregon, represented the plaintiffs.

Ira W. Jones, Assistant Attorney General, represented defendant.

Decision in part for plaintiffs and in part for defendant rendered December 27, 1968.

EDWARD H. HOWELL, Judge.

The above two cases have been consolidated for decision.

The sole question presented is whether net operating losses incurred by subsidiary corporations prior to their liquidation into the parent corporation in a tax-free merger are deductible by the parent corporation in the years following the merger of the companies.

The facts have been stipulated.

Prior to their liquidation Tiffany-Davis #1, Tiffany-Davis #2, Tiffany-Davis #3 and Tiffany-Davis #4 were corporations which were wholly-owned by the parent corporation, Tiffany-Davis Drug Co. Tiffany-Davis #1 was liquidated in December, 1962, and Tiffany-Davis #2, #3 and #4 were liquidated in August, 1964. Their obligations were assumed by and their assets distributed to plaintiff Tiffany-Davis Drug Co. as the sole stockholder which continued the same businesses at the same locations. During the period prior to the merger Tiffany-Davis #1, #3 and #4 had losses. In 1964 the operation of the assets formerly operated as Tiffany-Davis #3 resulted in a profit in excess of the operating loss carry-over incurred by that corporation, and in 1965 the operation of the assets formerly operated as Tiffany-Davis #4 resulted in a profit.

Plaintiff Oregon Food Stores, Inc.'s wholly-owned

subsidiary, Westgate of Medford, was liquidated into the parent corporation in a tax-free merger. The assets acquired by the plaintiff as a result of the liquidation of Westgate were continued in the same kind of business at the same location. Westgate incurred net operating losses for two years prior to the merger in July, 1964. After the merger the assets formerly owned by Westgate operated at a loss.

The plaintiffs contend that ORS 317.297 allows the pre-merger losses of the subsidiaries to be deducted in full by the parent corporation after the merger. The defendant contends that ORS 317.297 does not permit such deduction.

The Oregon statute, ORS 317.297, is similar to the 1939 Internal Revenue Code. The Oregon statute allows the carry-over but not the carry-back of losses as presently allowed by § 172 of the Internal Revenue Code of 1954. The carry-back provisions of the federal code first appeared in Section 153(a) of the Revenue Act of 1942, c 619, 56 Stat 798, 847-848. The pertinent sections of ORS 317.297 and the sections of the 1939 federal code are set forth in the margin.[1]

[1] ORS 317.297:

"(1) In computing net income there shall be allowed as a deduction an amount equal to the aggregate of the net losses of prior years to the extent provided in this section.

"(2) As used in this section, 'net loss' means the total of the deductions allowed by this chapter in arriving at net income, reduced by the gross income, if any, with a limitation provided in subsection (3) of this section.

"(3) In computing the net loss for any taxable year the net loss for a prior year shall not be allowed as a deduction.

"(4) (a) The net loss in any taxable year shall be allowed as a deduction in any of the five succeeding taxable years.

"(b) The amount of the net loss deductible in any taxable year shall be the net loss of a prior year reduced by the net income (computed without the net loss deduction) of any intervening taxable year or years between the year of loss and

██ The language of the Oregon statute and the 1939 federal code are so similar that federal cases interpreting the 1939 code are persuasive. The commission concedes that the purpose of ORS 317.297 and the 1939 federal statutes allowing a loss carry-over and carry-back is the same—to overcome the sometimes harsh effect of taxing income strictly on an annual basis. *Gamble v. Tax Commission,* 248 Or 621, 432 P2d 805 (1967), *rehearing denied* 436 P2d 559. Moreover the tax commission prior to its finding in the instant case had allowed the carry-over to the parent corporation under ORS 317.297, subject to a restriction which will be discussed later. It is concluded that ORS 317.297 does allow the net loss of the subsidiary to be utilized by the parent corporation in a merger of the type involved herein. However, the primary and more

the succeeding taxable year in which the net loss deduction is claimed.

"* * * * *"

Section 23(S) of the 1939 Code, as amended, provided for a deduction from gross income:

"(S) Net Operating Loss Deduction.—For any taxable year beginning after December 31, 1939, the net operating loss deduction computed under section 122."

Section 122 of the 1939 Code, as amended, provided:

"(a) Definition of Net Operating Loss.—As used in this section, the term 'net operating loss' means the excess of the deductions allowed by this chapter over the gross income, with the exceptions and limitations provided in subsection (d).

"(b) Amount of Carry-Over.—The term 'net operating loss carry-over' means in the case of any taxable year the sum of:

"(1) The amount, if any, of the net operating loss for the first preceding taxable year; and

"(2) The amount of the net operating loss, if any, for the second preceding taxable year reduced by the excess, if any, of the net income (computed with the exceptions and limitations provided in subsection (d) (1), (2), (3), and (4)) for the first preceding taxable year over the net operating loss for the third preceding taxable year.

"* * * * *."

difficult question is whether the parent corporation is entitled to deduct the losses in full or whether the losses should be limited according to the rule set forth in *Libson Shops v. Koehler,* 353 US 382, 77 S Ct 990, 1 L ed2d 924, 51 AFTR 43, 57-1 USTC ¶ 9691 (1957).[②]

In *Libson Shops* the same individuals with the same proportion of stock ownership incorporated sixteen separate corporations to sell women's apparel at retail in locations in Missouri and Illinois. At the same time the same interests under the laws of Missouri organized another corporation called Libson Shops, Inc., whose function was to provide management services for the sixteen retail sales corporations. Each of the sales corporations was operated individually and filed separate income tax returns.

In 1949 the sixteen sales corporations were merged into the management corporation and new shares of Libson Shops, Inc. were issued pro rata in exchange for the stock in the sales corporations. Following the merger the entire business was conducted as a single enterprise. The effect of the merger was to convert sixteen retail businesses and one management agency reporting their incomes separately into a single enterprise filing one income tax return.

Prior to and after the merger three of the sixteen retail corporations showed net operating losses. The operations of the remainder were profitable and Libson Shops, Inc. sought to offset against that profit the losses that the three merged corporations sustained prior to the merger. The Supreme Court held

---

[②] In *Libson Shops* The United States Supreme Court was dealing with the 1939 Internal Revenue Code as amended in 1942 which provided that loss carry-overs and carry-backs must be the net operating losses of "the taxpayer." The Oregon statutes do not contain such restriction.

that Libson Shops, Inc. could not carry-over and deduct the pre-merger operating losses from the post-merger income of Libson Shops, Inc. attributable to the thirteen other businesses.

The rationale of the court in reaching this conclusion is difficult to pinpoint. The government argued that the carry-over privilege was not available unless the corporation claiming it was the same *taxpayer* that had sustained the loss as required by the 1942 amendment to the 1939 Internal Revenue Code. The taxpayer relied on *Helvering v. Metropolitan Edison Co.*, 306 US 522, 59 S Ct 634, 83 L ed 957, 22 AFTR 307, 39-1 USTC ¶ 9432 (1939), and argued that a corporation resulting from a statutory merger is treated as the same taxable entity as its constituents to whose legal attributes it has succeeded by operation of state law. In *Libson Shops*, however, the court stated that the controversy centered around the meaning of "the taxpayer," but it declined to decide whether Libson Shops, Inc. was the same taxable entity after the merger. The court stated that the case should be decided on the basis that "the carry-over privilege is not available unless there is a continuity of business enterprise," and that "the prior year's loss can be offset against the current year's income only to the extent that this income is derived from the operation of substantially the same business which produced the loss."

The court pointed out that had there been no merger, the three businesses which had the losses would have had no opportunity to carry-over their losses. The court stated that it found nothing in the loss carry-over provisions "which suggest that they should be construed to give a 'windfall' to a taxpayer who happens to have merged with other corporations.

The purpose of these provisions is not to give a merged taxpayer a tax advantage over others who have not merged. We conclude that petitioner is not entitled to a carry-over since the income against which the offset is claimed was not produced by substantially the same businesses which incurred the loss." 353 US 388-390.

The application of the Supreme Court's decision in *Libson Shops* to other cases is not easy. The decision "overturned (or ignored) several well-settled assumptions in this area, propounded a new doctrinal limitation on the carryover of corporate tax attributes, and generally stirred up a hornet's nest of confusion, the outer limits of which are still unresolved." Bittker & Eustice, *Federal Income Taxation of Corporations and Shareholders* (2d ed) § 13.02, p 609.

██ The fact that the 1939 statute under consideration in *Libson Shops* restricted the loss deduction to "the taxpayer" is not relevant in the instant case for several reasons. The Oregon statute, ORS 317.297, contains no such restriction. In addition, the Supreme Court in *Libson Shops* based its decision, not on the grounds that the management corporation and the sixteen retail corporations were not the same legal entities before and after the merger, but that they did not constitute a continuing enterprise. Other decisions have also held that the inclusion of the words "the taxpayer" in the 1939 federal statutes was not important. *Newmarket Manufacturing Company v. United States,* 233 F2d 493 (1st Cir 1956), 49 AFTR 1254, 56-1 USTC ¶ 9540; *cert. denied,* 353 US 983; *F. C. Donovan, Inc. v. U. S.,* 261 F2d 470 (1st Cir 1958), 2 AFTR2d 6221, 58-2 USTC ¶ 9960. Neither is it important that the plaintiffs herein, prior to the merger, did not file consolidated returns which was

one of the reasons the Supreme Court used in *Libson Shops* to find that the corporations there were seventeen separate enterprises.[9] The plaintiffs here could not have filed consolidated returns because the commission's Reg 317.360(A) prevents affiliated domestic companies from doing so.

According to the plaintiffs' interpretation, *Libson Shops* does not apply where there is a liquidation of a subsidiary corporation into a parent corporation as compared to a merger of separate corporations.[4] In *Stanton Brewery, Inc. v. Commissioner,* 176 F2d 573 (2d Cir 1949), 38 AFTR 368, 49-2 USTC ¶ 5941, (decided before *Libson Shops*) operating losses of a wholly-owned subsidiary which merged into the parent company were allowed as a carry-over to the parent.

In *Newmarket Manufacturing Company v. United States, supra,* a Massachusetts corporation formed a Delaware subsidiary so that it could change its corporate domicile. The Massachusetts corporation merged with the Delaware subsidiary and its business remained exactly the same after the merger as before. The court held that the operating losses of the Delaware corporation were available as a carry-back to the income of the Massachusetts corporation. The court emphasized that the ownership and the business that sustained the loss and received the profit were unchanged. The decision in *Newmarket* is not in conflict with *Libson Shops* because in *Newmarket* the merger did not have the effect of allowing a carry-back that would otherwise have been unavailable.

---

[9] The seventeen pre-merger corporations in *Libson Shops* could not have filed consolidated returns because they were not affiliated through a common parent. Harris, *Libson Shops and Related Cases,* NYU 21st Inst on Fed Tax 1307, 1318.

[4] Harris, *Libson Shops and Related Cases, supra.*

*Newmarket, supra,* 5 Mertens, *Law of Federal Income Taxation,* § 29.11e, nt. 37, p 120.

In *F. C. Donovan, Inc. v. U. S., supra,* the operating loss of a parent was allowed as a carry-back against the income of a subsidiary after a merger of the subsidiary into the parent. The court commented not only that the business remained unchanged but that both the income and loss involved were attributable to the same sub-business. Loss carry-overs were also allowed in *U. S. v. Northern Railroad,* 334 F2d 936 (1st Cir 1964), 14 AFTR2d 5332, 64-2 USTC ¶ 9674, and *Joseph Weidenhoff, Inc. v. Commissioner,* 32 TC 122 (1959).

■ Contrary to plaintiffs' position, *Libson Shops* has been interpreted to mean that merger alone is insufficient to allow the loss to be deducted by the successor corporation. In *Wisconsin Central Railroad Co. v. U. S.,* 296 F2d 750 (Ct Cl 1961), 8 AFTR2d 5928, 62-1 USTC ¶ 9121, the court stated regarding the *Donovan* decision:

"We interpret *Donovan* as providing that when there is a tax-free reorganization resulting in a 'continuing enterprise' (in the sense that the beneficial ownership and business activities are substantially the same after the reorganization as before, and the transferee corporation assumes the liabilities of the transferor) and, but for the reorganization, the old corporation would be entitled to the tax attribute, then the resultant corporation is entitled to utilize the tax attribute." 296 F2d at 754.

The court also stated:

"At least one thing is clear from *Libson Shops,* merger alone is not sufficient basis for allowing the resultant corporation to succeed to its predecessor's tax attributes. The Supreme Court required that tax attributes of a pre-merger corporation could

only be utilized to the extent that one could trace that corporation as a unit in the resulting enterprise. Even then the pre-merger corporation's losses could be used only to offset that unit's income or, conversely, the unit's losses could be carried back only to offset the income of its pre-merger form." 296 F2d at 754.

In *Western Maryland Railway Co. v. U. S.*, 291 F Supp 935 (DC Md 1968), 23 AFTR2d 500, 68-2 USTC ¶ 9639, the District Court approved the quotation above from *Wisconsin* and agreed with the government's position that *Libson Shops* required, first, a determination that the same or substantially the same business be continued after the merger, and, secondly, whether the same business produced any post-merger income against which pre-merger losses could be offset.

■ In the instant case a continuing enterprise existed after the merger. It was not a case of seventeen separate corporations as in *Libson Shops*. Here the subsidiary corporations were wholly-owned by the parent and the same businesses were conducted in the same places after the merger as they were before. However, under the decision in *Libson Shops* the plaintiffs must not only trace the original loss corporation as a unit into the resulting corporation as a continuing enterprise but also the original corporation's losses can only be used to offset that unit's post-merger income. If it had no income then the loss would not be available. This was for the reason that if there had been no merger the subsidiary corporation showing the loss would not have been able to deduct it and the merger should not allow the resulting corporation to receive a tax windfall.

It is appreciated that if the loss is restricted as an

offset to the post-merger income from the same business unit it would result in accounting problems. In this regard the court in *Julius Garfinckel & Co., Inc. v. Comm.,* 335 F2d 744 (2d Cir 1964), 14 AFTR2d 5206, 64 USTC ¶ 9626, noted that the test of a "continuing business" forces a merged corporation, during the period of a potential loss carry-over, into the incongruous accounting position of keeping "asunder what the merger was supposed to have joined."

However, *Libson Shops* requires that the taxpayer must show not only a continuing business enterprise but "that the same unit which sustained the loss before a merger had profits after the merger against which the earlier losses could be offset." *Western Maryland Railway Co. v. U. S., supra.*

In the instant cases the stipulation showed that the former assets of Tiffany-Davis #3 and Tiffany-Davis #4 showed post-merger profits. The others did not. The loss carry-over to the plantiff Tiffany-Davis Drug Co. is allowed as an offset to the post-merger profits from Tiffany-Davis #3 for 1964 and Tiffany-Davis #4 for 1965 and denied to the others. Plaintiff Oregon Food Stores, Inc. is not allowed the loss carry-over because the assets formerly operated by Westgate continued to show losses after the merger.