## H. K. NEWELL v.
## DEPARTMENT OF REVENUE

Plaintiff appeared in persona propria.

Defendant appeared by and through Ira W. Jones, Senior Assistant Attorney General, Salem.

Decision sustaining demurrer and dismissing suit rendered July 14, 1976.

CARLISLE B. ROBERTS, Judge.

The defendant, Department of Revenue, demurred to the complaint herein "for the reason that the facts alleged do not constitute a cause of suit." Plaintiff filed no answering memorandum, although urged to do so by the court.

In defendant's specification of points, the first ground consists of technical objections to the pleading in plaintiff's complaint for failure to comply with ORS 16.210(2) (b) and with Rule 9 of the Rules of the Oregon Tax Court. For the reasons given in the court's letter of May 21, 1976, these objections are overruled on the ground that, although the complaint is inartistic, argumentative and improper in form, the substance thereof serves the purpose of a complaint. A demurrer is inappropriate to raise the objections listed by defendant.

The second ground for a demurrer is that, assuming the plaintiff's assertions of fact to be true, he is not entitled to relief as a matter of law. This ground requires careful analysis, based on the rules of statutory interpretation, and is considered below.

The complaint alleges that plaintiff, H. K. Newell, and his wife, both Oregon residents, duly filed an Oregon personal income tax return for the 1974 tax year. Having filed a joint personal income tax return for federal purposes, plaintiff and his wife filed a joint return for Oregon income tax purposes, as required by ORS 316.367(1) (c).

ORS 316.067(1) (b) allows the taxpayers to deduct "[t]he amount of any federal income taxes accrued by the taxpayer during the taxable year as described in ORS 316.072, * * *."

Oregon Laws 1973, ch 751, § 1 (uncodified, but printed as a note following ORS 316.067 (1973 Replacement Part)), imposed a $3,000 ceiling on the

federal income tax deduction, applicable to the tax year 1974:

"(1) In addition to the adjustments to federal taxable income required by ORS 316.067, there shall be added to federal taxable income the amount of any federal income taxes in excess of $3,000, accrued by the taxpayer during the taxable year as described in ORS 316.072, less the amount of any refund of federal taxes previously accrued for which the tax benefit was received."

The complaint alleged that the federal income tax paid by the plaintiff and his wife exceeded $3,000. Plaintiff contends that husband and wife, on a joint return, should each be entitled to a $3,000 deduction.

The defendant, after studying the 1973 act preparatory to its administration, noted that the language of the new statute did not specify whether the limitation on the deduction of federal income tax was intended to allow $3,000 per taxpayer or $3,000 per return. Concluding that the legislative intent was to limit the $3,000 deduction to each return, it promulgated OAR 150-316.072, which read in part:

"For tax years beginning on or after January 1, 1974, the federal tax deduction on each return whether a joint return or a return of a single person is limited to the lesser of:

"(a) The amount of federal tax accrued attributable to the current tax year plus any deficiencies accruing for prior years during the current tax year less any refunds of federal taxes received during the current tax year for which a previous tax benefit was received or,

"(b) $3,000.00

"Married persons choosing to file separate returns would be entitled to the entire $3,000.00 deduction on each return, subject to the limitations as

listed above. However, it should be noted that under the provisions of ORS 316.367(1) (c), if the federal tax liability is determined on a joint federal return then a joint Oregon return *must* be filed."

Plaintiff's contention is that, contrary to the defendant's rule, the language of the statute can just as well be interpreted to allow a $3,000 deduction for each taxpayer, husband and wife, upon filing a joint return, and that the defendant's failure to make such interpretation is in conflict with the Oregon Constitution, Art I, § 32, requiring that "all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax."

The new statute modified ORS 316.067. In the Oregon Personal Income Tax Act of 1969, ORS 316.062 sets out the basic concept of the 1969 act as to resident income taxpayers:

"The entire taxable income of a resident of this state is his federal taxable income as defined in the laws of the United States, with the modifications, additions and subtractions provided in this chapter."

ORS 316.067 specifies the "modifications" (*i.e.*, additions and subtractions) to the taxpayer's federal taxable income, dictated by the legislature, including the federal income tax deduction. No distinction is made by the statutory sections between separate and joint returns of a resident husband and wife. (No significance is given to the fact that "taxpayer" is used in the singular in the statute. ORS 174.110.) It logically follows that the "federal taxable income" referred to in the statute is the sum inserted for tax purposes in a particular Oregon individual tax return, whether the return is separate or joint. No section in ORS chapter 316 has been found which suggests otherwise.

With this conclusion in mind and turning to Oregon Laws 1973, ch 751, § 1, the new statute must be read as applying to both single and joint returns and, in each instance, limiting the federal income tax deduction on that return to $3,000. The language of the statute does not require the result sought by plaintiff and the applicable rules of statutory construction do not permit it. The court also takes judicial notice of interpretation of the tax statute by the Department of Revenue through its duly promulgated regulation. Its contemporaneous construction of an act is persuasive. *Keyes v. Chambers et al,* 209 Or 640, 307 P2d 498 (1957).

The following rules are applicable to the question and explanatory of the court's conclusion:

Legislative intent is controlling in construing statutes. *State Highway Com. v. Rawson,* 210 Or 593, 312 P2d 849 (1957). The province of the courts is to declare what the legislature has done, not what it should have done. *Keyes v. Chambers, supra,* 209 Or at 662. The court must uphold constitutionality of legislation when possible. *City of Portland v. Welch,* 229 Or 308, 364 P2d 1009, 367 P2d 403 (1961).

Courts are bound to give words used in a statute their common and ordinary meaning, absent a clear legislative intent to the contrary. *Snellstrom v. Commission,* 2 OTR 56, 59 (1965), and cases cited therein. It is obvious that the legislature is dealing here with a tax deduction, and all such deductions must be strictly construed in favor of preserving the revenue except as explicitly provided. The court in *Keyes v. Chambers, supra,* 209 Or at 646, summed up the legislative rule:

"* * * [C]redits, deductions or exemptions as the legislature may allow in the computation of an income tax are privileges accorded as a matter of

legislative grace and not as a matter of taxpayer right. * * *"

This leads to the ultimate argument, raised by plaintiff: Has the legislature enacted a statute which violates the requirement of uniformity in tax treatment of the same class of subjects, as required by Oregon Constitution, Art I, § 32, by purporting to create a "class" consisting of husband and wife?

Challenges to the constitutionality of classifications created by the legislature are often made. In considering these, a court is not permitted to take into consideration the desirability, expediency, policy, justice or wisdom of the enactment. *Eastern & Western Lbr. Co. v. Patterson,* 124 Or 112, 258 P 193, 264 P 441, 60 ALR 528 (1928) (*rev'd on rehearing on other grounds*).①

The decisions of the Supreme Court contain a number of maxims which are applicable here; viz., a classification for tax purposes will be sustained when it is based upon something substantial and it is not arbitrary and unreasonable; where there are different classifications for purposes of taxation, all classifications need not be treated precisely alike; classification for taxation purposes may be subclassified without violating the principle of equal protection of the laws; classification is exclusively a legislative problem and the legislature is not required to give any index or catalog of its reasons for the classification; a state is free to select the subjects of taxation and to grant exemptions and neither due process nor equal pro-

---

① For 1975 and years following, the 1975 Legislative Assembly, Or Laws 1975, ch 672, § 13, amended ORS 316.067 to allow a maximum federal income tax deduction on a joint return of $5.000 or, on separate returns of husband and wife, $2,500. This suggests that the legislature ultimately recognized that the plaintiff's concept of impropriety in the 1974 statute was soundly based. It does not make the 1974 act unconstitutional.

tection imposes upon the state any rigid rule of equality of taxation. The Oregon Constitution, Art I, § 32, merely requires that "all taxation shall be uniform *on the same class of subjects * * *.*" (Emphasis supplied.) Equality within a class is all that is necessary. *Dutton Lbr. Corp. v. Tax Com.,* 228 Or 525, 365 P2d 867 (1961); *Smith et al v. Columbia County et al,* 216 Or 662, 341 P2d 540 (1959); *Schmidt et al v. City of Cornelius,* 211 Or 505, 316 P2d 511 (1957); *McPherson v. Fisher,* 143 Or 615, 23 P2d 913 (1933). "The power of the state to make reasonable and natural classifications is clear and beyond question. * * *" *Keyes v. Chambers, supra,* 209 Or at 663. *Accord, Garbade and Boynton v. City of Portland,* 188 Or 158, 192, 214 P2d 1000, 1015 (1950).

■ The legal concept of a husband and wife as a unit for various purposes is as old as the common law.[2] While the legal disabilities of women have been substantially removed, the classification of a husband and wife as a unit for the purpose of filing joint income tax returns in a particular tax year is a well-established classification. This is a classification which involves much more complexity than is suggested by plaintiff's complaint (which refers only to a single incident affected by the joint return). The filing of an income tax return for federal and state purposes

"* * * brings into the equation [of tax liability] all conceivable questions, including problems as to whether given items of a particular year are

---

[2] "By marriage, the husband and wife are one person in law: that is, the very being or legal existence of the woman is suspended during the marriage, or at least is incorporated and consolidated into that of the husband; under whose wing, protection, and cover, she performs everything; and is therefore called in our law-French, a feme covert, and is said to be under the protection and influence of her husband, her baron, or lord; and her condition during her marriage is called her coverture." Ehrlich's Blackstone 83 (1959).

taxable income, whether other items are properly deductible, as well as other problems relating to credits, accounting periods and the computation of tax liability. * * *

"* * * A special series of problems arises out of the permission granted a husband and wife to file joint or separate returns. * * *" 8A Mertens, *Law of Federal Income Taxation* ¶ 47.01.

*See Gamble v. Tax Commission,* 248 Or 621, 432 P2d 805 (1967), 436 P2d 558 (1968), *aff'g* 2 OTR 459 (1966).

"A joint return is one return. If a husband and wife, living together, file such a return, the two of them are treated as a taxable unit, their separate individualities are not obliterated, but the net income disclosed (the net resultant income of both of them) is subject to normal and surtax as though it were the net income of a single indivdual, except that the amount of the tax is twice the tax which would be imposed if the taxable income were cut in half, as provided in Section 2(a) of the 1954 Code. * * * Although there are two taxpayers on a joint return, there is only one taxable income. The concept of a taxable unit under the joint return provision of the Code merely means that while there are two taxpayers on a joint return, there is only one taxable income. It does not create a new tax personality which would be entitled, in its own right, to deductions not otherwise available to the individual spouses under the Code. * * *" 8A Mertens, *supra,* at ¶ 47.07.

The advantages and disadvantages of filing a joint return must be contemplated by the taxpayers prior to making the election but, in this case, the election binds them only for the year in which it is made. There are many factors that must be considered in filing a joint return and the facts which determine the advantages of using and not using the

election may change from year to year. In view of the variability of the situation, without knowledge of every pertinent fact, it is impossible to say what, in a given instance, the total consequences of the election will be. No one can predict the tax result of a law limiting a husband and wife to a $3,000 federal income tax deduction on an Oregon return filed jointly or, alternatively, one allowing a husband and wife each a federal income tax deduction of $3,000 on the condition that they consistently file separate income tax returns for the tax year for federal and state purposes. Either could result in a tax saving or a tax increase in a particular year because of other factors in the taxpayers' particular return. It cannot be shown that either result is unconstitutionally discriminatory when due regard is shown for the meaning of the word "classification." When the husband and wife file a return jointly, they are in one class, the class of joint returns. When they file separately, they place themselves in another class, that of individual filers. The choice is theirs, but the election is made on the federal return.

Since the statute is not unconstitutionally discriminatory, plaintiff has not alleged a cause of suit and defendant's demurrer should be and hereby is affirmed; and

IT IS SO ORDERED; and

IT IS FURTHER ORDERED that, since there is no possibility of amending the plaintiff's complaint to state a cause of suit, the foregoing decides the issue and the suit should be and hereby is dismissed with prejudice, without costs to either party.