IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JOSE LUIS CASTANEDA TRIANA,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)　　TC-MD 101306B
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
DEPARTMENT OF REVENUE,　　　　　　)
State of Oregon,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　)　　**DECISION**

Plaintiff appeals Defendant's Notice of Deficiency Assessment for the 2009 tax year. A

trial was held in this matter on November 16, 2011, in the Tax Court Mediation Center, Salem,

Oregon, and by telephone on December 1, 2011. Jennifer L. Woodhouse, Attorney at Law,

appeared on behalf of Plaintiff. Plaintiff testified on his own behalf. Other witnesses testifying

on behalf of Plaintiff included Lilia Castro Almanza ("Lilia"), Plaintiff's wife, Juana Liliana

Castaneda Castro ("Juana"), Plaintiff's daughter, and Ana Luisa Castaneda Castro ("Ana"),

Plaintiff's daughter. Kevin Cole ("Cole"), Tax Auditor, appeared and testified on behalf of

Defendant.

The parties filed a Stipulation of Facts on November 16, 2011.[1] Plaintiff's Exhibits 1

through 63 were offered. Defendant objected to Plaintiff's Exhibits 47, 51, 53, 54, and 61.

Defendant objected to 47 based on concerns about the declaration's accuracy arising from a

"discrepancy" between the expenses reported on the declaration and elsewhere. Plaintiff's

counsel stated that she would question the witness regarding her declaration. The court allowed

Exhibit 47, noting that the objection goes to the weight. Defendant objected to Exhibits 51, 53,

---

[1] Stipulated Fact 4 (that "Plaintiff is entitled to one exemption for his wife, Lilia") is stricken from the document because Defendant does not agree.

and 54, because they are bills and receipts from 2011. Plaintiff responded that those exhibits are not offered for the purpose of proving the 2009 expenses, but for the purpose of corroborating witness testimony regarding 2009 bills; the court allowed those exhibits. Defendant objected to Exhibit 61, a summary of expenses claimed by Plaintiff, because those expenses have not been proven. The court admitted Exhibit 61 as a summary of Plaintiff's claimed expenses. The parties agreed to submit additional written arguments and closing arguments. Plaintiff's Closing Arguments and Arguments Regarding the Application of IRC § 152 (Ptf's Closing Arg) was submitted on January 23, 2012. Defendant's Closing Arguments and Response to Plaintiff's Arguments Regarding the Application of IRC § 152 (Def's Closing Argument) was submitted on March 6, 2012. Plaintiff's Rebuttal Arguments were submitted on April 6, 2012. The record is now closed and this matter is ready for decision.

## I.  STATEMENT OF FACTS

Plaintiff is and was married to Lilia during the 2009 tax year. (Stip Facts at 1.) Plaintiff resides in the United States, where he works, and sends money to his family in Mexico. (Def's Closing Argument at 2; *see* Stip Facts at 1-2.) He and his wife own a home in Mexico in which seven people lived during 2009. (Stip Facts at 2.) The seven people were Lilia, four of Plaintiff's children (Ana, Alicia, Jose, and Miguel), and two of Plaintiff's grandchildren (Alanis and Brandon). (*Id.*) Ana is the mother of Alanis. (*Id.* at 1.) Neither Brandon's mother nor the fathers of either grandchild lived in the household in 2009. (Def's Closing Argument at 2; *See* Stip Facts at 1-2.)

Plaintiff's 2009 taxable Oregon income was $22,206. (*See* Ptf's Compl at 3.) In 2009, Lilia did not work outside the home. (Stip Facts at 2.) Alicia, Alanis, and Brandon attended school and did not work. (*Id.*) Ana testified that she worked in a tortilla shop during all of 2009,

making about $37.50 per week or just under $2,000, annually.[2] Lilia testified that Ana gave her approximately $15 every two weeks to help cover household expenses; Ana testified that she gave $7.50 every two weeks.[3] Lilia testified that Jose and Miguel worked intermittently during 2009 and sometimes travelled to take short term jobs. Lilia testified that when her sons were at home and had jobs, they each gave her between $3.75 and $7.50.[4] Lilia testified that when her sons were away, they made barely enough to get by and therefore did not send her any money.

According to Defendant's Notice of Deficiency for the 2009 tax year, Defendant adjusted Plaintiff's 2009 income tax return by changing his filing status from Head of Household to Single, and by disallowing six of the seven exemptions Plaintiff had originally claimed. (Ptf's Compl at 3.) Plaintiff now asks the court to find that Plaintiff's correct filing status in 2009 "was married filing jointly and that he is entitled to exemptions for himself, his wife, his daughter Alicia, his granddaughter Alanis, and his grandson Brandon." (Ptf's Closing Argument at 15.) Defendant has stipulated that Plaintiff and Lilia are entitled to file a joint return, but asks the court to disallow exemptions for Alicia, Alanis, and Brandon. (Stip Facts at 2; Def's Closing Argument at 7.)

/ / /

/ / /

/ / /

/ / /

---

[2] Ana testified that she made about 500 pesos per week. According to historical data from the Federal Reserve, in 2009 the median exchange rate was 13.303 pesos per dollar. *See* http://www.federalreserve.gov/releases/h10/hist/dat00_mx.htm. Thus, Ana reportedly earned about $37.50 per week or just under $2,000, annually.

[3] Lilia testified that Ana gave her about 200 pesos every two weeks; Ana testified that she gave her about 100 pesos every two weeks.

[4] Lilia testified that Jose and Miguel provided 50 to 100 pesos per week when at home and working.

II. ANALYSIS

The issue before the court is whether children and grandchildren living in Mexico with the nonresident alien spouse of a United States resident may be claimed as qualifying children on a joint return under Internal Revenue Code (IRC) sections 151-152.[5]

A.  *Eligibility for status as a qualifying child under IRC section 152(c)*

The definition and criteria for a dependent to be a "qualifying child" are given by IRC section 152(c) because "[t]he Oregon legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law." *Aguirre v. Dept. of Rev.*, TC-MD No 101160C, WL 2583523 at *2 (June 30, 2011) (citations omitted); ORS 316.007; ORS 316.012.[6]  The code recognizes two classes of dependents, "qualifying child[ren]" and "qualifying relative[s]."  IRC § 152(a).  The distinction between the two categories is important because, although taxpayers must prove that they have financially supported their qualifying relatives, they need not prove that they have similarly supported their qualifying children.  *See id*. §§ 152(c) and 152(d)(C).[7]

Under IRC section 152(c), a person claimed as a dependent for a given taxable year must be someone:  (A) who is the taxpayer's child, or sibling, or the descendant of the taxpayer's child or sibling; (B) "who has the same principal place of abode as the taxpayer for more than one-half of such taxable year"; (C) who is under age 19 or a student under age 24; (D) who has not

---

[5] All references to the Internal Revenue Code (IRC) are to the Internal Revenue Code of 1986, with amendments applicable to 2009.

[6] All references to the Oregon Revised Statutes (ORS) are to 2007.

[7] Prior to 2004, taxpayers were required to establish that they had provided more than half the support for each of their dependents.  In 2004, Congress dropped that requirement with regard to qualifying children as part of the adoption of a "uniform definition" of "dependent."  *See generally*, 2 BORIS I. BITTKER & LAWRENCE LOKKEN, FEDERAL TAXATION OF INCOME, ESTATES AND GIFTS § 30.3.1 (Supp 2012).

provided over one-half of his or her own support for the appropriate year; and (E) who has not filed a joint return with a spouse during the appropriate year. *Id*. § 152(c).

Here, both parties agree that conditions (A), (C), (D), and (E) outlined above are satisfied. One of the three claimed dependents, Alicia, is Plaintiff's child and the other two, Alanis and Brandon, are his grandchildren. (Stip Facts at 1.) All are under age 19. (*Id*. at 1-2.) All attended school and did not work. (*Id*. at 2.) Defendant testified at trial that none of the children filed a joint return with a spouse.

The parties dispute whether the three claimed dependents satisfy the shared principal place of abode condition. Because the resolution of that issue depends on Plaintiff's filing status, the court next addresses the issue of whether Plaintiff may amend his tax filing status to Married Filing Jointly.

B.      *Filing jointly with a nonresident alien under IRC sections 6013(a) and (g)*

A nonresident alien may file a joint return with a resident of the United States after electing to be treated as a resident for tax purposes. Generally, only citizens and residents may elect to file a joint return instead of separate returns. IRC § 6013(a). However, nonresident aliens, together with their citizen or resident spouses, may elect be treated as residents by the tax code. IRC § 6013(g). That allows such couples the option to file joint returns under IRC section 6013(a).

Here, Defendant, Plaintiff, and, at trial, Plaintiff's wife, Lilia, have all requested that the filing status of Plaintiff's tax return be amended to Married Filing Jointly. (Def's Closing Argument at 7; Ptf's Closing Argument at 15.) Plaintiff is a resident of the United States and Lilia is a resident of Mexico. (Def's Closing Argument at 2; Stip Facts at 2.) Therefore, Plaintiff and Lilia are eligible to file jointly after making an election under IRC section 6013(g).

By virtue of the pleadings and testimony referenced above, the court will allow the amendment of Plaintiff's 2009 Oregon filing status to Married Filing Jointly. For the purpose of the Oregon tax return, the requirement for an election under IRC section 6013(g) is met by the record before the court.[8] Accordingly, the court next considers whether the three claimed children are eligible for dependent status on a joint tax return.

C.    *Aggregation of deductions for qualifying children on a joint return*

A deduction for which one spouse is eligible may be claimed by the married couple on a joint return. Where a married couple files jointly, it is treated as a single "taxable unit" under Oregon and federal law. *Gamble v. Tax Commission* (*Gamble*), 248 Or 621, 625, 432 P2d 805, 806 (1967) (citations omitted). A married couple may thus aggregate income and deductions on a joint return so long as the couple is married at the time of all crucial tax events. *Gamble*, 248 Or at 625 (citations omitted).

Taxpayers are allowed to claim an exemption for dependents as a deduction on their income tax returns. IRC § 151(a), (c). Although not all nonresident aliens are eligible to be claimed as dependents, residents of Mexico are specifically identified as so eligible. 26 CFR § 1.152-2(a)(1);[9] *see* IRC § 152(b)(3)(A).

Alicia, Alanis, and Brandon appear eligible to be claimed as dependent qualifying children by Lilia under IRC section 152(c). They are residents of Mexico. (Stip Facts at 2.) They shared the same principal place of abode as Lilia for the 2009 tax year. (*Id*.) Plaintiff's testimony that Lilia is the children's mother and grandmother is undisputed, but, even if it were, she would pass the relationship test because the term "child" as used in IRC section 152(c)(2)(B)

---

[8] Plaintiff should ensure that all filing requirements are met to claim that status on his federal return.

[9] All references to the Code of Federal Regulations (CFR) are to 2009.

includes stepchildren. 26 CFR § 1.151-3(a). The parties have stipulated to all other criteria, as shown above.

Because Lilia could claim her and Plaintiff's daughter Alicia as a qualifying child on her individual tax return, and because no other relative could claim Alicia as a qualifying child, the court finds that Plaintiff may claim a dependent exemption for Alicia on his and Lilia's 2009 joint tax return.

Regarding exemptions for the two grandchildren, Alanis and Brandon, the court must consider whether one or more parent may claim them as qualifying children.

D.    *Children eligible to be claimed by two or more taxpayers*

In the case where two or more taxpayers may claim the same person as a qualifying child, priority is given to parents over more distant relatives. IRC § 152(c)(4). Where no parent claims the qualifying child, that child may be claimed by a more distant relative if that relative's adjusted gross income is higher than the highest adjusted gross income of any parent of the child. *Id*. For example, where a grandmother, mother, and child live together and the child is not claimed by the mother, that child may be claimed by the grandmother if her income is higher than the mother's. Notice 2006-86, 2006-41 IRB 680, Ex. 1(iv).

Where a parent does not claim a qualifying child, that child may be claimed by another relative for whom he or she is a qualifying child, including grandparents, uncles, aunts, brothers, and sisters. IRC § 152(c)(2). Where a child is the qualifying child of two or more of those relatives, the relative with the highest adjusted gross income is entitled to claim the child. *Id*. § 152(c)(4)(A)(ii). A child may not be claimed as a qualifying relative if he or she is the qualifying child of at least one taxpayer. *Id*. § 152(d)(1)(D).

/ / /

Here, Alanis's mother Ana lived in the household with her during 2009 and was therefore able to claim Alanis as her own qualifying child. Although Alanis met the statutory requirements to be a qualifying child of Lilia, Jose, and Miguel, as a parent, Ana's claim to a personal exemption for Alanis would take precedence over a similar claim made by anyone else. No evidence was presented to the court regarding whether Ana filed a U.S. or a Mexican tax return claiming an exemption for Alanis.

Without evidence that Ana did not, in fact, claim a tax benefit for the child with whom she lived and for whom she provided support, this court cannot overturn Defendant's disallowance of Plaintiff's claimed exemption for Alanis. In all matters before this court, "[t]he burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427. Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." *Schaefer v. Dept. of Rev.*, TC No 4530 at 4 (July 12, 2001) (citing *Feves v. Dept. of Revenue*, 4 OTR 302 (1971)). The evidence before the court is insufficient to conclude that Ana cleared the way for Lilia to claim an exemption for Alanis by declining to accept the tax benefits to which she herself was entitled.

Brandon, whose parents did not live with him in 2009, met the definition of a qualifying child with regard to his aunt Ana, his uncles Jose and Miguel, and his grandmother Lilia. Of these four non-parents, the one with the highest 2009 adjusted gross income is entitled to claim an exemption for Brandon.

Based on Ana's trial testimony, the court finds that her 2009 adjusted gross income was an order of magnitude less than Plaintiff's. Ana's gross income amounted to about $2,000, whereas Plaintiff's 2009 taxable income was $22,206. Lilia testified that Jose and Miguel did not have steady work, that they made barely enough to get by while traveling, and that at the best

of times were only able to contribute to the family an amount equal or less than their sister Ana did. That evidence tends to establish that the brothers' income was more similar to their sister's than to their father's. Defendant does not contend that Ana, Jose, or Miguel had a greater income than their father's, or even a similar income. Given the totality of the family's economic picture as presented at trial, the court finds that neither Ana, nor Jose, nor Miguel had a higher 2009 adjusted gross income than Plaintiff.

Because Lilia will aggregate Plaintiff's income on their joint return, she has the highest adjusted gross income within the household and is entitled to claim an exemption for Brandon as a qualifying child. Lilia's exemption for Brandon as a qualifying child would take precedence even over a claim by a parent who supported Brandon financially but did not live with him. *See* IRC §§ 152(c)(1)(B), 152(d)(1)(D).

### III. CONCLUSION

After carefully considering the testimony and evidence, the court finds that Plaintiff and his wife are entitled to amend their 2009 filing status to Married Filing Jointly. Alicia and Brandon are eligible to be claimed by Plaintiff and Lilia on a joint return for tax year 2009, but Alanis is not eligible because the court has insufficient evidence regarding whether her mother Ana claimed a tax benefit for her. Because deductions available to each spouse personally are aggregated on a joint return, Plaintiff and his wife are allowed four personal exemptions: one for Plaintiff, one for Lilia, and one each for Alicia and Brandon. Now, therefore,

IT IS THE DECISION OF THIS COURT that for the 2009 tax year Plaintiff's tax return filing status be amended to Married Filing Jointly in accord with the request of all parties.

/ / /

/ / /

IT IS FURTHER DECIDED that for the 2009 tax year Plaintiff is allowed exemptions for himself, Lilia, Alicia, and Brandon.

Dated this ____ day of May 2012.

_____
ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Pro Tempore Allison R. Boomer on May 9, 2012. The Court filed and entered this document on May 9, 2012.*