T.C. Memo. 2010-110

UNITED STATES TAX COURT

DORIANNE L. HO DEMATTOS, Petitioner AND
EDWARD JAMES DEMATTOS, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27879-07.                    Filed May 18, 2010.

Dorianne L. Ho DeMattos, pro se.

Edward James DeMattos, pro se.

<u>D. Anthony Abernathy</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  Petitioner Dorianne L. Ho DeMattos seeks
review of respondent's determination to deny relief from joint

and several liability under section 6015(b),[1] (c), or (f) for tax years 1993, 1994, 1995, 1997, 1999, 2000, 2001, and 2002 (the years at issue). As discussed below, we sustain respondent's determinations.

## Background

Some of the facts have been stipulated and are so found. The stipulated facts are incorporated herein by this reference. Both petitioner (Ms. Ho DeMattos) and intervenor (Mr. DeMattos) resided in Hawaii at the time the petition and the notice of intervention were filed.

Ms. Ho DeMattos and Mr. DeMattos were married throughout the years at issue. The couple's marriage ended in April 2006. The DeMattoses had three children born of their marriage. Mr. DeMattos had two children from a prior marriage.

Mr. DeMattos operated a construction business during the years 1993, 1994, and 1995. In later years Mr. DeMattos worked as a general contractor. In 1993 Ms. Ho DeMattos was primarily a

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

homemaker for her family and a caregiver to her mother, who was critically ill. At various times during their marriage Ms. Ho DeMattos, who had some knowledge of accounting, worked as a bookkeeper.

The DeMattoses filed joint returns for the years at issue. They relied upon a tax return preparer to prepare their 1993 joint return, but it was not timely filed. All the remaining joint returns at issue with the exception of those for 1997 and 1999 were prepared by Ms. Ho DeMattos. The most complex part in the preparation of the joint income tax return was the Schedule C, Profit or Loss From Business, with respect to Mr. DeMattos' construction business. Sometime in the earlier years at issue, the computerized records of the construction business were adversely affected by a major computer problem. In 1995 an unrelated setback in the finances of the business made a tax return preparer unaffordable. As a result, Ms. Ho DeMattos took responsibility for the preparation of the joint Federal income tax returns for 1994 and 1995. Ms. Ho DeMattos stated that she executed all of the joint income tax returns and prepared the joint income tax returns for all the years at issue except the returns for 1993, 1997, and 1999.

The joint income tax returns for 1993, 1994, and 1995 were all filed late. In January 1997 before the returns were filed, the DeMattoses were contacted by an Internal Revenue Service

(IRS) revenue agent requesting their 1993, 1994, and 1995 returns. During a conversation with the revenue agent Mr. DeMattos stated that only the 1994 tax return had been filed and that he would subsequently send the 1993 and 1995 returns. However, the 1993 return sent to the IRS was unsigned. In addition, the revenue agent discovered that the 1994 return had in fact not been filed. As a result, on March 10, 1997, the revenue agent visited the DeMattoses to secure their signatures on the 1993 return and to obtain the 1994 return. At that meeting Ms. Ho DeMattos demonstrated knowledge of the location of copies of the joint returns maintained by her and Mr. DeMattos. Ms. Ho DeMattos retrieved and provided executed returns for 1993 and 1994.

In May 1997 the revenue agent notified the DeMattoses by letter that their 1993, 1994, and 1995 joint income tax returns were under audit and requested documentation to substantiate the claimed Schedule C expenses for the construction business. No substantiation was provided. Ms. Ho DeMattos participated in the decision to refuse to provide documentation to the IRS and to not cooperate with the audit.

In January 1998 respondent issued to the DeMattoses notices of deficiency for their 1993, 1994, and 1995 income tax and additions to tax totaling nearly $2 million based on the disallowance of all the Schedule C deductions for the

construction business.  The DeMattoses did not petition this Court, and the deficiencies and additions to tax were assessed in June and July 1998.  In addition to those assessments, there are also unpaid assessments of the income taxes reported on all the joint returns at issue.  The total unpaid taxes reflected on the joint returns exceeded $36,000.  Ms. Ho DeMattos seeks relief from both the deficiencies for 1993, 1994, and 1995, and the unpaid assessments of tax reported on all the returns at issue.  At trial she testified that she knew the taxes would not be paid with the returns and that she knew Mr. DeMattos was in financial difficulty when the returns were filed.

The divorce decree entered into between Ms. Ho DeMattos and Mr. DeMattos provided that with respect to previously filed income tax returns, any liabilities on all joint State and Federal income tax returns filed for all years through 2002 would be paid equally by the DeMattoses.  In addition, the divorce decree provided:

> In the event of an income tax examination of any parties' jointly filed tax returns, the parties shall share equally in the receipt of any resulting tax refund, or in the payment of any taxes, penalties or interest imposed, as the case may be.

For years after the years at issue, Ms. Ho DeMattos failed to pay her outstanding tax liabilities.

Respondent issued notices of intent to levy as follows: For the 1993 taxable year on August 11, 1997, and July 23, 2001;

for the 1994 taxable year on June 9, 1997, and July 23, 2001; and for the 1995 taxable year on August 11, 1997, December 29, 1997, and July 23, 2001. Ms. Ho DeMattos acknowledged that respondent made collection efforts solely with respect to her, including the issuance of notices of intent to levy.

The DeMattoses submitted an offer-in-compromise for their 1993, 1994, 1995, 1997, and 1999 tax years on June 29, 2000, and for the 2000 tax year on May 24, 2001. On July 5, 2001, respondent rejected the offers-in-compromise.

On November 3, 2006, Ms. Ho DeMattos filed Form 8857, Request for Innocent Spouse Relief, to request equitable relief with respect to her joint Federal income tax liabilities for the 1987 through 2002 tax years. Respondent did not argue that any of Ms. Ho DeMattos' requests was untimely. In a final notice of determination dated September 5, 2007, respondent determined that Ms. Ho DeMattos was not entitled to the relief requested.

Ms. Ho DeMattos timely filed her petition with this Court on December 4, 2007.

## Discussion

In general, spouses who elect to file a joint Federal income tax return for the taxable year are jointly and severally liable for the entire amount of tax reported on the return, as well as for the liability for any deficiency subsequently determined, even if all of the income giving rise to the tax liability is

allocable to only one of them.  Sec. 6013(d)(3); <u>Butler v. Commissioner</u>, 114 T.C. 276, 282 (2000).  The spouse requesting relief generally bears the burden of proof.  Rule 142(a); <u>Alt v. Commissioner</u>, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).  Section 6015 offers three avenues of possible relief under subsections (b), (c), and (f).  In general, section 6015(b) provides full or apportioned relief from joint and several liability; section 6015(c) provides proportionate tax relief to divorced or separated taxpayers; and in certain circumstances section 6015(f) provides equitable relief if relief is not available under section 6015(b) or (c).

Respondent argues that Ms. Ho DeMattos does not qualify for relief from joint and several liability under section 6015(b), (c), or (f).

I.   <u>Section 6015(b)</u>

Under section 6015(b), a requesting spouse may be relieved of joint and several liability from an understatement of tax to the extent that the understatement was attributable to the nonrequesting spouse.  Thus, section 6015(b) is available, if at all, only with respect to the liabilities arising from the deficiencies in tax for years 1993, 1994, and 1995.  In order to qualify for relief, section 6015(b)(1) provides that the taxpayer must establish that

>        (A)  a joint return has been made for a taxable
> year;

(B)  on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint return;

(C)  the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;

(D)  taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and

(E)  the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election.

The requirements of section 6015(b)(1) are conjunctive, and the failure of a taxpayer to satisfy any one of the elements precludes relief.  Haltom v. Commissioner, T.C. Memo. 2005-209. Respondent concedes that Ms. Ho DeMattos satisfies the requirements of section 6015(b)(1)(A), (B), and (E); however, respondent maintains she failed to establish that she satisfies the requirements of section 6015(b)(1)(C) and (D).

In determining whether Ms. Ho DeMattos had "reason to know" of an understatement, this Court must determine whether a reasonable person in similar circumstances would have known of the understatement.  Factors to consider in analyzing whether Ms. Ho DeMattos had "reason to know" of the substantial understatement include:  (1)  Her level of education; (2) her involvement in the family business; (3) the presence of

expenditures that appear lavish when compared to the family's past standard of living; and (4) Mr. DeMattos' evasiveness and deceit concerning the couple's finances. See Price v. Commissioner, 887 F.2d 959, 965 (9th Cir. 1989). We apply these factors to Ms. Ho DeMattos regarding the understatements for 1993, 1994, and 1995.

First, Ms. Ho Demattos received some college-level education in business and accounting. Second, although Mr. DeMattos was responsible for the day-to-day operation of the construction business, Ms. Ho DeMattos was responsible for the preparation of the tax returns for 1994 and 1995. Third, there is nothing in the record with respect to lavish expenditures. Fourth, Mr. DeMattos was not evasive or deceitful concerning their finances.

Under these circumstances, Ms. Ho DeMattos had reason to know of the understatements arising from the disallowance of the claimed Schedule C expenses relating to Mr. DeMattos' construction business. Ms. Ho DeMattos' extensive involvement in preparing the joint returns for 1994 and 1995 demonstrates that she had actual knowledge of the records available to support the claimed Schedule C expenses. As the tax return preparer, she had access to whatever records were used to determine the expenses claimed, and she knew and agreed with the decision to intentionally not produce records to the IRS in the audit. This is true for 1993 as well because the 1993 return was not filed

until after the 1994 and 1995 returns were prepared by Ms. Ho DeMattos, and the record system for all 3 years was the same, according to Ms. Ho DeMattos' own testimony.

II.  Section 6015(c)

Under section 6015(c), if the requesting spouse is no longer married to or is legally separated from the spouse with whom she filed the joint return, the requesting spouse may elect to limit her liability for a deficiency as provided in section 6015(d). Sec. 6015(c)(1), (3)(A)(i)(I).  In this case, section 6015(c) is available, if at all, only for the liabilities attributable to the deficiencies in tax for the 1993, 1994, and 1995 tax years. Respondent concedes that Ms. Ho DeMattos has satisfied certain of the prerequisites for relief.  However, respondent argues that Ms. Ho DeMattos is precluded from obtaining relief because under section 6015(c)(3)(C) apportionment of liability does not apply if the Commissioner "demonstrates that an individual making an election under this subsection had actual knowledge, at the time such individual signed the return, of any item giving rise to a deficiency (or portion thereof) which is not allocable to such individual".  This Court has defined actual knowledge as "an actual and clear awareness (as opposed to reason to know) of the existence of an item which gives rise to the deficiency (or portion thereof)." Cheshire v. Commissioner, 115 T.C. 183, 195 (2000), affd. 282 F.3d 326 (5th Cir. 2002).  When one spouse

requests relief under section 6015(c), the burden of proving the spouse's actual knowledge of an item is on the Commissioner. In the case of a disallowed deduction, the burden requires the Commissioner to prove that the spouse had "actual knowledge of the factual circumstances which made the item unallowable as a deduction." King v. Commissioner, 116 T.C. 198, 204 (2001).

Ms. Ho DeMattos had actual knowledge of the factual circumstances concerning the disallowed deductions. Although Mr. DeMattos was responsible for the day-to-day operations of the construction business, Ms. Ho DeMattos prepared the 1994 and 1995 tax returns. Because of the timing of the preparation of the returns, she had actual knowledge of the substantiation which was available for all 3 years when she prepared the 1994 and 1995 returns. Therefore, Ms. Ho DeMattos is not entitled to allocate the deficiency arising from the disallowance of these deductions, and no relief is available under section 6015(c).

III. Section 6015(f)

Section 6015(f) provides an alternative means of relief for a requesting spouse who does not otherwise qualify for relief under subsection (b) or (c) of section 6015. Sec. 6015(f)(2). Section 6015(f) permits relief from joint and several liability where "it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either)". Sec. 6015(f)(1). Under section 6015(f), the Secretary may grant

equitable relief to a requesting spouse on the basis of the facts and circumstances of the requesting spouse's case.

Except as otherwise provided in section 6015, the taxpayer bears the burden of proof. See Rule 142(a); Alt v. Commissioner, 119 T.C. at 311.

Pursuant to section 6015(f), the Commissioner has prescribed revenue procedure guidelines to help IRS employees determine whether a requesting spouse is entitled to relief from joint and several liability. See Rev. Proc. 2003-61, 2003-2 C.B. 296, modifying and superseding Rev. Proc. 2000-15, 2000-1 C.B. 447. Rev. Proc. 2003-61, supra, lists the factors that IRS employees should consider, and the Court consults those same factors when reviewing the IRS' denial of relief. See Washington v. Commissioner, 120 T.C. 137, 147-152 (2003).

Ms. Ho DeMattos' Form 8857 was filed on November 3, 2006, after the November 1, 2003, effective date of Rev. Proc. 2003-61, supra. According to Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297-298, Ms. Ho DeMattos, as a requesting spouse, must satisfy all of the following threshold conditions in order to be eligible to submit a request for equitable relief under section 6015(f): (i) She filed a joint return for the taxable year for which she seeks relief; (ii) relief is not available to her under section 6015(b) or (c); (iii) no assets were transferred between the spouses as part of a fraudulent scheme by the spouses; (iv) Mr.

DeMattos did not transfer disqualified assets to her; (v) she did not file or fail to file the returns with fraudulent intent; and (vi) absent enumerated exceptions, the income tax liability from which she seeks relief is attributable to an item of Mr. DeMattos.

Respondent concedes that Ms. Ho DeMattos satisfies all seven threshold requirements for equitable relief.

As an initial matter, Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298, contains a safe harbor. If the threshold requirements are met, equitable relief under section 6015(f) will ordinarily be granted with respect to an underpayment of income tax reported on a joint return if all of the following three elements are satisfied: (1) On the date of the request for relief, the requesting spouse is no longer married to, or is legally separated from, the nonrequesting spouse; (2) on the date the requesting spouse signed the joint return, the requesting spouse had no knowledge or reason to know that the nonrequesting spouse would not pay the income tax liability; and (3) the requesting spouse will suffer economic hardship if relief is not granted.

Ms. Ho DeMattos was divorced from Mr. DeMattos on April 5, 2006, and requested relief on November 3, 2006; thus, she satisfies the marital status requirement. However, Ms. Ho DeMattos does not satisfy the second requirement because, as we

held above, she had actual knowledge of the understatement of tax.

Ms. Ho DeMattos stated that she signed the returns at issue and was aware that amounts were owed with respect to each return. Ms. Ho DeMattos has failed to establish that it was reasonable for her to believe that Mr. DeMattos would pay the reported income tax liability. Thus, she has not satisfied the knowledge or reason to know requirement as it relates to the underpayments on the joint returns.

Accordingly, since Ms. Ho DeMattos does not satisfy the second element, she is not entitled to relief under Rev. Proc. 2003-61, sec. 4.02.

IV.  Rev. Proc. 2003-61, Sec. 4.03 Factors

If relief is not available under Rev. Proc. 2003-61, sec. 4.02, then Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298-299, sets forth additional factors that the IRS considers in determining whether relief is granted. These factors are: (1) Marital status; (2) knowledge or reason to know; (3) economic hardship; (4) nonrequesting spouse's legal obligation; (5) significant benefit; (6) good-faith effort to comply with tax laws; (7) spousal abuse; and (8) mental or physical health. We will address each in turn.

1.  <u>Marital Status</u>

Respondent concedes that Ms. Ho DeMattos and Mr. DeMattos are divorced; the marital status factor favors granting relief.

2.  <u>Knowledge or Reason To Know</u>

Respondent argues that Ms. Ho DeMattos knew or had reason to know that her then husband, Mr. DeMattos, would not pay the income tax liabilities due when she executed the joint income tax returns for the years at issue.  Ms. Ho DeMattos contends that these deficiencies and additions to tax for the 1993, 1994, and 1995 tax years arise from disallowed Schedule C expense deductions attributable to Mr. DeMattos and therefore would be allocable to him.  However, Ms. Ho DeMattos acknowledges that she prepared and reviewed their income tax returns starting in 1994 and was aware that an amount was owed with respect to each return.  Further, in her Form 8857 she indicated that she and Mr. DeMattos were having financial difficulties, yet she failed to explain how she thought they were going to be able to pay the taxes owed.  Lastly, Mr. DeMattos testified that Ms. Ho DeMattos was aware that taxes were owed with respect to the 1997, 1999, 2000, 2001, and 2002 tax years and would not be paid.  As a result, Ms. Ho DeMattos has failed to establish that it was reasonable for her to believe that Mr. DeMattos would pay the reported income tax liability for any of the years at issue. The deficiencies all relate to unsubstantiated Schedule C

expenses. Ms. Ho DeMattos is responsible for the failure to substantiate expenses she herself reported on the returns for 1994 and 1995 and knew about for 1993. Thus, Ms. Ho DeMattos has failed to satisfy the knowledge or reason to know requirement regarding the unpaid liabilities and the deficiency amounts.

Because Ms. Ho DeMattos had actual knowledge of the unsubstantiated deductions giving rise to the deficiencies in tax and had actual knowledge or reason to know that the reported liabilities would go unpaid, this factor weighs against relief.

### 3. Economic Hardship

Respondent argues that Ms. Ho DeMattos would not suffer economic hardship if she were denied equitable relief. Ms. Ho DeMattos argues that she would experience economic hardship. Ms. Ho DeMattos' monthly expenses exceeded her monthly income. She earns $4,200 per month in self-employment business income. Her mortgage is $2,750 per month. She pays $1,000 per month for food, $500 per month in medical expenses, $540 per month in gas and insurance for her car, and $185 per month for telephone. At the time of trial, Ms. Ho DeMattos was unemployed and still had a 17-year-old son living with her. Considering these facts, we find she would suffer economic hardship if relief were not granted. This factor weighs in favor of relief.

4. <u>Nonrequesting Spouse's Legal Obligation</u>

Respondent contends that this factor is neutral because the DeMattoses' divorce decree includes a provision under which Ms. Ho DeMattos and Mr. DeMattos have an equal obligation to pay the income tax liabilities. Accordingly, this factor is neutral.

5. <u>Significant Benefit</u>

Respondent contends that this factor is neutral. Respondent asserts that there is no evidence in the record of whether Ms. Ho DeMattos benefited beyond normal support from the unpaid tax liabilities (both the underpayments and understatements). However, this Court has stated that "we consider the lack of significant benefit by the taxpayer seeking relief from joint and several liability as a factor that favors granting relief under section 6015(f)." <u>Butner v. Commissioner</u>, T.C. Memo. 2007-136. We do not find from the record that there was a significant benefit to Ms. Ho DeMattos and find that this factor weighs in favor of relief.

6. <u>Good-Faith Effort To Comply With Federal Income Tax Laws</u>

Respondent argues that Ms. Ho DeMattos did not make a good-faith effort to comply with the Federal income tax laws after the years at issue. Respondent therefore argues that this factor weighs against relief. Ms. Ho DeMattos failed to pay outstanding tax liabilities for the 2003, 2005, and 2006 tax years, filed her 2006 tax return late, and failed to make estimated tax payments

for years after 2006.  Since the time the revenue agent
considered Ms. Ho DeMattos' case, she has filed her tax return
for 2006 and returns for the other years after the years at
issue.  Nevertheless, untimely filing demonstrates that she has
not been in compliance with the tax laws.  This factor weighs
against relief.

### 7.  Spousal Abuse

Ms. Ho DeMattos did not allege that there was abuse in her
former marriage.  Respondent determined this factor to be
neutral, and we agree.

### 8.  Mental or Physical Health

There is no evidence in the record that Ms. Ho DeMattos
suffered any ailment such that she was in poor physical or mental
health at the time she signed the returns for the years at issue
or at the time she requested section 6015 relief.  Respondent
determined that this factor is neutral, and we agree.

### Conclusion

Of the factors listed in Rev. Proc. 2003-61, sec. 4.03,
three factors support relief (marital status, economic hardship,
and lack of significant benefit), two factors weigh against
relief (knowledge or reason to know, and lack of good-faith
effort to comply with tax laws in subsequent years), and three
factors are neutral (nonrequesting spouse's legal obligation,
spousal abuse, and mental or physical health).  Rev. Proc. 2003-

61, sec. 4.03(2)(a)(iii)(B), provides that in deficiency cases, reason to know of the item giving rise to the deficiency will not be given more weight than other factors, but that actual knowledge of the item weighs heavily against relief.

We find that the factors for relief are strongly outweighed by Ms. Ho DeMattos' awareness that the taxes would not be paid, her preparation of tax returns, her related knowledge of the unsubstantiated Schedule C expenses, and her subsequent noncompliance with Federal tax laws. In sum, Ms. Ho DeMattos had actual knowledge which is supported by her own testimony regarding the return preparation.

On the basis of the above, we find that Ms. Ho DeMattos has failed to carry her burden of showing that she is entitled to relief from joint and several liability under section 6015(f) for the years at issue.

To reflect the foregoing,

Decision will be entered for respondent.